# Bennington County.

SELECTMEN OF BENNINGTON

*vs.*

M'GENNES.

Indebitatus assumpsit, for money laid out and expended.

Non assumpsit pleaded.

It appeared in evidence, that in the year ——, the defendant was resident at Bennington, but not an inhabitant. The defendant, his wife, and two or three children were taken sick, and in very distressed circumstances, being poor and unable to provide for themselves; the Selectmen of Bennington provided for them as paupers, and advanced, for their relief, the sum demanded in the declaration. The wife, and one or more of the children died. The defendant, on his recovery, removed out of the State. Returning afterwards, on business, the present action was brought.

*Action to recover back money advanced by the town for the relief of a pauper.*

A motion was made, that one of the plaintiffs, a Selectman, might be sworn to prove a special agreement of the defendant to repay.

*By the Court*—He cannot be admitted.

*One of the plaintiffs in the writ, a Selectman, not admitted as a witness.*

*The Chief Justice*, in his charge to the jury, observed:

*Charge to the Jury.*

That this was an action, the first of the kind which he had ever known; an action brought by the town against a pauper, to recover back money expended for his relief. There is, in this case, no special agreement to repay. It rests on the general implication of law in such cases. As the money was advanced, if the law implies, generally, an obligation on the part of the

pauper to repay such monies, as the town may have advanced for his relief, then the plaintiffs ought to recover. This may be gathered from the intention of the law, in the provision made for the relief of the poor.

The provision made by law for the relief of the poor

is, in my opinion, a charitable provision. To consider it in any other light, detracts much from the benevolence of the law, and casts a reflection on the humanity of the richer part of the community. Povety and distress give a man, by law, a claim on the humanity of society for relief; but what relief, if the town have a right immediately to demand repayment? and to imprison the pauper for life, in case of inability to pay? This, instead of a relief, would be adding poignancy, as well

as perpetuity to distress. If this be so, certainly the law raises no promise.

