Parker, C. J.
This is an action altogether of a new impression; and we do not perceive any principle upon which it can be maintained. At the time the supplies were furnished by the town of JBluehill, the town of Deer-Isle became immediately liable, because the pauper’s lawful settlement was in that town. But no contract, express or implied, existed between the pauper and the town. The liability of the town is created by law ; and, if the party supplied be in fact a pauper, no debt is created.
It would be strange to conceive that the instant a town had furnished support to a pauper a right of action accrued, which would enable them to arrest the pauper and throw him into prison ; and yet that would be the effect of the doctrine contended for by the plaintiffs.
If no debt existed at the time, none could arise afterwards in consequence of a change of circumstances in the pauper. Whether an express promise to pay would have a sufficient [*329] * consideration to support it under such circumstances, is a different question. Here was no such promise and no debt.†

 By the statute of 1817, c. 486, § 5, it is provided, “ That the inhabitants of any town, or district within this Commonwealth, who have incurred expense for the support of any pauper, whether he was legally chargeable to them by means of his settlement or not, may recover the same against such person, his executors, or administrators, in an action of assumpsit for money paid, laid out, and expended, for his use.”