Parker, C. J.
The tenant in this case claims the benefit of the act, entitled “ An act for the limitation of certain real actions, and for the equitable settlement of certain claims arising in real actions ” ; and he founds his claim upon his having been in possession of the demanded premises at the time the act passed, and six years before the commencement of the action according to the provisions of that act.
[*331] * This claim is resisted by the demandants, on the ground that the tenant originally entered under a contract to purchase the land of the late Henry Knox, Esquire, the proprietor, and so could not be considered as within the intention of the legislature, to be provided for as aforesaid.
We are of opinion that the claim of the tenant cannot prevail; the intention of the statute manifestly being, to provide for those settlers upon land who had entered against the will or without the knowledge of the proprietor ; and not for those who had entered under a lawful contract, by the performance of which they might have entitled themselves to a conveyance of the land, or to adequate damages in case the proprietor should have refused to fulfil the contract on his part.
The words of the section of the act, which respects this subject, are strongly indicative of this intention. They are, “ Where any action has been or may hereafter be commenced against any persons, for the recovery of any lands or tenements which such persons now hold by virtue of a possession and improvement, and which the tenant, or other person under whom he claims, has had in actual possession for the term of six years, or more, before the commencement of such action,” &c. Now a person who has made a contract with the proprietor to purchase, and has entered in pursuance of such contract, cannot be said to hold the lands by virtue of a possession and improvement. He holds by virtue of a contract with the proprietor, and has a legal mode - of coercing the proprietor to give him a title to the lands, or an equivalent in damages. So that every purpose, intended by the law to be secured to those who hold by virtue of a possession and improvement only, may be obtained by such person under his contract. For he either procures a title at a stipulated price, or he obtains payment for his buildings and improvements, by way of dam?ages ; provided the contract is performed on his part and is not performed by the proprietor.
[* 332] * It may also be considered that the legislature intended this provision as a means of inducing proprietors to be less negligent with respect to their lands ; so that trespassers might not be *291 permitted to remain in possession from year to year, with a hope of remaining undisturbed, and thus be encouraged to incur expense upon lands of which they are not the owners ; but that the proprietor should be vigilant in protecting hiS property, and, if he was not, that he should not avail himself of the labor of those who may, in some measure through his negligence, have been led into such expense.
But in such a case as the present, the landlord and tenant are both aware of their rights and their interests. There is no negligence on the part of the former, nor mistake on the part of the latter ; so that the reason of the law seems to have no application.
The land demanded in this action was originally settled upon by Jonathan Bagley, who contracted with the then proprietor for a conveyance of the same, having taken a bond to that effect. In 1800, the present tenant purchased the improvements of Bagley, and entered upon the land under him, undoubtedly meaning to avail himself of the contract with Knox. In 180?, the title of Knox was passed to Thorndike, for whose use this action is brought; and then a new contract was made between Thorndike and the present tenant for the conveyance of the land. The tenant, having failed to perform the contract, now wishes to avail himself of a provision, by which, after having taken all the rents and profits for a number of years, and probably having stripped the land of all the valuable timber, he can compel the proprietor to sell him the land at a price different from that which was agreed on, or to pay him for improvements which may be of little use to the proprietor.
We are satisfied that this case does not come within the letter or the equity of the statute, the benefit of which is claimed by the tenant.†
Let the demandants take judgment for possession.

 Runney et al. vs. Edmands, 15 Mass. Rep. 291. - Shaw vs. Bradstreet, 1 Mass Rev. 241.