Parker, C. J.
The plaintiffs predicate their action upon the fifth section of the statute of 1817, c. 186, whidh passed on the 24th of February, 1818; the seventh section of which provides, that “ the act shall take effect and be in force on arid after the first day of June then next.”
*183 The money expended by the plaintiffs, which is claimed to be recovered in this action, is for supplies advanced to the defendant and his family, being paupers, prior to the said first day of June, except the sum of 47 dollars, which has been expended since that day»
It is objected to the recovery, that, as by law, no debt or promise" was created by the performance of the charitable duty imposed on the inhabitants of towns and districts, towards paupers who might fall into distress within their limits, it was not within the constitutional power of the legislature to create a new obligation, founded upon supplies which had been enjoined by law before the passing of the statute.
If it be true that this statute, instead of providing a remedy for an existing contract, must be construed to create a debt or obligation, on a consideration which had passed, and which was not of itself a legal foundation for a promise, it would seem very clear that the statute was enacted improvidently, and that it could not have the intended operation.
It. must be presumed to have been known to the legislature, that an action could not be maintained by the inhabitants of a town, for a reimbursement of expenses incurred for the support of one, who was actually a pauper when the supplies were furnished (1) : and therefore it is the less probable that it was intended that this statute. * should have a retroactive effect. For no [*217] legislator could have entertained the "opinion, that a citizen, free of debt by the laws of the land, could ,be made a debtor merely by a legislative act, declaring him one.
Nor is it necessary to give such a construction to the statute in question. For, although the words “ who have incurred expense,” if grammatically used, imply a consideration passed at the time of making the statute, yet, as the operation of the statute was postponed to the ensuing month of June, it may well be supposed that the legislature had reference to such expenses, as a town might allege “ they have incurred,” when their suits should be brought; which would be after the act should, upon constitutional principles, have created an obligation, which, without it, would not exist (2).
This must be considered to be the real meaning of the legislature, as expressed in the statute ; and there is no doubt, that the provision thus explained, is within the constitutional authority of the legisla turc. For they have the same right to provide for the reimbursement of the towns, out of such property as the pauper may acquire, *184 as to exact of towns to support their paupers. Probably, if this statute shall be revised, care will be taken to limit the rights of towns to cases in which the pauper shall have some property, from which the debt may be satisfied.
We are all of opinion, that, the claim of the plaintiffs must be limited to the. sum expended after the 1st of June, when the statute went into operation : and indeed to all the purposes of that claim, the statute must be considered in the same light, as if it had been enacted on that day, and gone into immediate operation. Judgment must therefore be entered for the plaintiffs for forty-seven dollars; with full costs, to which they are entitled by the statute of 1817, c. 185.

 12 Mass. Rep. 328, Deer Isle vs. Eaton & Ux.

 [The act only gives a remedy where none before existed, and in this respect does not diner from several acts giving jurisdiction in equity or providing remedies at law which have never been thought to be objectionable by reason of tl cir retroactive ef feet.—Ed.]