## Town of Bloomfield *v.* John M. French.

Where a minor, being a transient person, was taken sick in a town in which he had no legal settlement, and the town in which his father had a legal settlement,—which was also the place of legal settlement of the son,— voluntarily paid to the former town the money expended for the minor's support, it was held that an action would not lie therefor in favor of the latter town against the father, though he were of sufficient ability to support his son.

And, *Per* Hebard, J., if a judgment had been recovered in favor of the former against the latter town, for the money thus expended, even this would not enable the latter town to maintain an action therefor against the father.

But the town expending the money might unquestionably have recovered it of the father, by an action brought directly against him.    Hebard, J.

Assumpsit for money paid, laid out and expended.    Plea, the general issue, and trial by the court.

The plaintiffs, on trial, offered evidence tending to prove, that, in the fall of 1841, the minor son of the defendant was in the town of Newbury, in this state, and there was in distress, and stood in need of immediate relief, and was supported by the town of Newbury for a considerable time, and died there; that the town of Newbury, soon after, commenced a suit against the town of Bloomfield, where the defendant had his legal settlement at the time his son became chargeable to Newbury, to recover the amount of the expenses incurred in said sickness; that the defendant had notice of the pendency of the suit, and neglected to settle the same by payment, or otherwise; and that the town of Bloomfield made no defence, but settled the suit by payment.

The defendant resisted the plaintiff's right to recover, on the ground that the town of Newbury had no cause of action against the town of Bloomfield, and that Bloomfield might have successfully defended said suit; that the defendant, and not the town of Bloomfield, (if any one) was liable; and that there was no express promise of the defendant to pay, nor any request that the town of Bloomfield should pay.

It was admitted that the defendant was of sufficient ability to maintain himself and family.

The court decided that the plaintiff was not entitled to recover, and rendered judgment for the defendant; to which decision the plaintiff excepted.

*Fletcher & Young* for plaintiffs.

1.  The parent is legally bound to support his minor children at all events. 2 Kent 190–192; Rev. St. 104, § 13. If the father suffer his children to remain abroad, or force them from home by severe usage, he is liable for their necessaries. 2 Kent 193.

2.  The town of Bloomfield being liable to pay the town of Newbury, when called upon for said support, and having paid the same with the knowledge and consent of the defendant, the law will *imply* a promise on the part of the defendant to repay the same. 8 Vt. 209. A moral obligation is a good consideration for a promise to pay, and therefore may be the ground of an action of assumpsit. 1 Har. Dig. 150. Chit. on Cont. 11.

Bloomfield v. French.

3. A person, who goes into a town, where he has no residence, to work, or who does actual labor on a contract, is not, upon becoming sick, or disabled, liable to an order of removal, but is regarded as a transient person. *Bristol* v. *Rutland,* 10 Vt. 514; 4 Mass. 227.

―――――― for defendant.

1. The payment of the claim of Newbury by Bloomfield was voluntary, and against the will and consent of the defendant.

2. The defendant being of sufficient ability, and the person taken sick being a *minor* child, no action could be maintained by either town.

3. The statute has prescribed the precise form of action, or remedy, against each and all, who are liable.

4. It is by virtue of the statute, and not by any principle of the common law, that any town, or any person, is made liable for the support of the sick and poor ; and the remedy prescribed by statute can alone be resorted to. See Rev. St. 103, c. 16, §§ 12–14, 18.

The opinion of the court was delivered by

HEBARD, J.—The defendant unquestionably was liable by law, if able, to support his minor son; and the town of Newbury might have had its action against him for it. But the fact that Newbury sued the town of Bloomfield for such support, and recovered it of Bloomfield, lays no foundation for a recovery on the part of Bloomfield against the defendant. If the town of Bloomfield paid it voluntarily, there would be no privity between the town and the defendant. If Newbury had recovered it of Bloomfield, it would make it no better, for it must have been upon the ground that the defendant was unable.

The case in 14 Mass., 227, is no authority for this case. That case is at variance, in its whole length and breadth, with the case of *Bennington* v. *M'Genness,* 1 D. Chip. 44. This court has repeatedly decided that there is no common law liability for the support of paupers. It is a statutory regulation. There is no *implied promise* against towns for money expended. *Aldrich* v. *Londonderry,* 5 Vt. 441.

11

If there was any *liability* on the part of Bloomfield to pay this money to Newbury, that will not give Bloomfield any right of action against the defendant. A town cannot maintain an action against a pauper, for money expended for his support. *Bennington* v. *M'Genness*, before cited. Whether Bloomfield was liable to Newbury would depend upon the farther fact, whether the defendant was of sufficient ability. If he was, then Bloomfield should have defended the suit. If he was not, then Bloomfield was liable, and has no legal claim upon the defendant.

Judgment affirmed.