## INHABITANTS OF MARLBOROUGH *vs.* INHABITANTS OF FRAMINGHAM.

S. bequeathed a fund to the town of F., the annual interest of which he directed to be applied for the support of his children, grandchildren or great grandchildren, if any of them should need support; otherwise, for the support of the poor of F.: N., a great grandchild of S., having a legal settlement in the town of M., was supported, as a pauper, by the town of W., and M. reimbursed W., and brought a bill in equity against the town of F. to obtain the sum thus expended for the support of N. *Held*, that the bill could not be maintained.

BILL IN EQUITY. The plaintiffs alleged, in the bill, that Micah Stone of Framingham made his last will on the 26th of August 1813, which was proved and allowed on the 13th of October following, and in which, after various devises and bequests, was the following clause : . " I give and bequeath to the town of Framingham all the remainder of my estate, of what name or nature soever, under the following regulations and restrictions ; viz. the annual interest to be applied, under the direction of the selectmen of the said town for the time being, for the support of my children, grandchildren or great grandchildren, if any of them shall stand in need of support ; otherwise, it may be applied to the support of the poor of said town ; but no part of the principal shall ever be expended :" That the defendants and their selectmen accepted said bequest and trust : That, afterwards, Micah S. Newton, a great grandchild of said testator, had a legal settlement in the town of Marlborough, and was, from January 1st 1845 to January 1st 1847, poor, needy and in indigent circumstances, and stood in need of support ; and that said town of Marlborough did, during all that time, furnish said Newton with necessary support, as they were bound by law to do, at an expense of $133·27 ; of all which, on the 18th of January 1847, said

town of Marlborough gave notice to said town of Framing-ham, and the selectmen thereof, and demanded payment, which was refused.

The prayer of the bill was for an answer from the defendants and their selectmen, and for such relief as the case requires.

The *answer* of the defendants admitted the main allegations in the bill, but alleged that Micah S. Newton, from January 1st 1845 to January 1st 1847, resided in the town of Westford, and was supplied by said town with support, during that time, at an expense of $133·27, which sum the plaintiffs paid to said town; and that no other sum had been paid by the plaintiffs, for that purpose : The overseers of the poor of said town of Westford gave notice to the plaintiffs, in the manner prescribed by law, that said Newton was receiving support as a pauper; so that the plaintiffs might have removed said Newton to the town of Marlborough, and have supported him at an expense less than that charged by the town of Westford. And the defendants averred that it was the duty of the plaintiffs to have given notice, forthwith, in the manner prescribed by law, to the selectmen of Framingham, that said Newton was chargeable, as a pauper, to the plaintiffs, so that said selectmen might have removed him to said Framingham, and have supported him at a less cost than is claimed in the plaintiffs' bill.

*E. R. Hoar*, for the plaintiffs. By the will, and the acceptance of the bequest and the trust, the bequeathed property is secured for the support of the testator's descendants, whenever they need it. This was settled in the case of *East Sudbury* v. *Belknap*, 1 Pick. 512. That case, in most particulars, is like the present. The town of East Sudbury supported a great grandchild of the testator, as a pauper, and after obtaining a judgment against the pauper, under the provisions of *St.* 1817, *c.* 186, which judgment remained unsatisfied, the town called on the selectmen of Framingham to pay the amount of the judgment, out of the fund bequeathed by the testator. And the court held them liable to pay it, on a bill filed

The only question in the present case seems, therefore, to be, whether the pauper's being supported in Westford, and the plaintiffs' having reimbursed Westford, is different from incurring the expense in their own town. The plaintiffs deny that there is any legal difference. They have paid for the support of one of the testator's descendants, who was in need.

The defendants had no right to remove the pauper to their town. The power of removing a pauper is given by statute; but not in a case like this. The testator could not give the power of removal. And the will does not make it necessary that the defendants should remove him, and support him in their town, in order to render them liable for his support, under the will. In the case before cited, Parker, C. J. said, " we can have no doubt that, from the words of the will, the descendants of the testator, within the degrees limited by him, *wherever they may be,* would be entitled to aid from this fund." The will does not require residence in Framingham, in order that the pauper should be relieved by the fund devised.

*Train,* for the defendants. The plaintiffs were bound to remove the pauper to their town, from Westford. If they had done so in thirty days after notice, they would have been bound to pay only a dollar per week, and thus have saved the defendants a considerable sum. Rev. Sts. *c.* 46, § 15.

But if the defendants were not bound to remove the pauper, yet they were bound to assume the charge of him, so that no unnecessary expense might be incurred for his support. Especially were they bound so to do, in order to call on the defendants for reimbursement.

In the case of *East Sudbury* v. *Belknap,* which is relied on by the plaintiffs, notice was given to the present defendants. If it had not been so, the case would have been differently decided.

If the defendants have no power of removing the pauper to their town — as they probably have not — yet the plaintiffs cannot make themselves creditors of the defendants,

without notice, before the expense is all incurred, that the pauper is receiving support.

DEWEY, J. The questions of a trust arising under the will of Micah Stone, the persons for whose benefit that trust was created, and who were the trustees under that will, were all fully considered and settled by this court, in the case of *Inhabitants of East Sudbury* v. *Belknap*, 1 Pick. 512. To this extent the cases are alike. But upon the further question, whether the plaintiffs have such an interest in the fund as will entitle them to a decree in their favor, the cases are not analogous. In the case of *East Sudbury* v. *Belknap*, the plaintiffs had obtained judgment against the great grandchild, the pauper, for the amount of supplies that had been furnished him, they having sued the pauper, by virtue of *St.* 1817, *c.* 186, § 5, which authorized such action. This judgment being unsatisfied, it was held by the court, that upon the principles and practice prevailing in courts of chancery, it was competent for a creditor, having an unsatisfied judgment, and thereby interested in any fund of his debtor, which was placed in trust, to file a creditor's bill, and thus enforce his claim against such trust fund. This court, although with some apparent hesitancy, sustained the bill, in the case referred to, under that principle of equity proceedings. It is, I believe, the only reported case in our own reports, where a similar application for relief, by a sole creditor, as an unsatisfied judgment creditor, has been the subject of consideration by this court, although the principle is a familiar one in chancery courts. But it is required, as preliminary to the filing of such a bill, that judgment shall have been obtained against the debtor. No such judgment has been obtained in the present case, and no proper case, therefore, presents itself for the application of the principle upon which the bill was sustained in the case of *East Sudbury* v. *Belknap*. Indeed, we do not know of any provision of law by which such a judgment can now be obtained; the *St.* of 1817, *c.* 186, having been repealed by the general repealing act of 1836, Rev. Sts. page 824, and no similar provisions reënacted. See *Inhabitants*

*of Deer Isle* v. *Eaton,* 12 Mass. 328. *Selectmen of Benning ton* v. *McGennes,* N. Chip. 45, and 1 D. Chip. 44.

The result is, therefore, that this bill must be dismissed.