## DANIEL JESTER *v.* The Overseers of the Poor of JEFFERSON TOWNSHIP.

The overseers of the poor have a right to be substituted as plaintiffs for one who, after bringing an action of ejectment, became and died a pauper; they, and not the heirs-at-law, being next in interest to such plaintiff, under § 3 of the act of 13th April, 1807, supplementary to an act to regulate arbitrations, &c.

ERROR to the District Court of Allegheny.

*Oct. 6.* This was an action of ejectment, brought by John Calhoun, for whom, upon his death, the overseers of Jefferson township were substituted as plaintiffs, against Daniel Jester, defendant. The facts are stated by Mr. Justice BURNSIDE, in the opinion delivered by him.

*M'Candless* and *M'Clure*, for plaintiffs in error.—Overseers are not "persons next in interest" to a plaintiff in ejectment, who dies *pendente lite*, within the meaning of § 3, act 13th April, 1807: 2 Dunlop, 254. His heirs-at-law were the proper persons to be substituted: Hunt *v.* Crawford, 3 P. R. 426. The heirs held the legal title; the overseers cannot be regarded as *cestuis que trust.*

§ 33, Poor Law of June 1836, 2 Dunlop, 721, does not authorize a proceeding by the overseers *after* the death of the pauper, to the prejudice of heirs; the remedy of the former is against the personal representative of the pauper.

Mesne profits could only be recovered by the administrator.

*Woods* and *Williams*, contrà.—The estate determined here by the death of the pauper, and so the heirs-at-law never had any interest. They could not have been substituted. As to the remedy against the personal representatives, the Act points out only the course we have pursued, which we could not have pursued on common-law principles. If the court was wrong, we are remediless.

If we had brought this ejectment in our own names, Calhoun's death would not have affected us, further than as to recovery of

possession. But we had a right to prosecute the suit we brought: if we had discontinued, the defendants could have pleaded the statute of limitations to the seven years during which the suit was pending. We have a right to be paid all our expenses of support and funeral before the personal representative can come in at all, and to that end we have a right to recover his property and collect his rents and profits given us by the Act.

The defendant has nothing to do with the substitution; he cannot be compelled to pay the money over again: Means *v.* The Church, 3 Barr, 93; Grant *v.* Levan, 4 Barr, 419.

The opinion of this court was delivered by

BURNSIDE, J.—This action of ejectment was brought by John Calhoun, who claimed a life-estate in the premises, to July Term, 1840. After the institution of the suit, Calhoun became a pauper, and was settled and maintained by Jefferson township. Before the trial of the cause, John Calhoun died. His death was suggested on the record, and, on motion of his attorney and argument, the Overseers of the Poor of Jefferson township were duly substituted as plaintiffs by the court. The plaintiffs below having shown title for Calhoun for part of the premises in question, when the suit was instituted, claimed mesne profits and obtained a verdict. The only question presented to this court was, whether the overseers of the poor had a right to substitution, and could maintain this action. It is contended by the counsel for the plaintiff in error that the overseers of the poor had no right of substitution; it belonged to the heirs-at-law, Calhoun having died intestate. But the answer to this argument is, that the act of the 18th April, 1807, Dunlop, 254, 2d ed., provides "that no writ of ejectment shall abate by reason of the death of any plaintiff or defendant, *but the person or persons next in interest may be substituted in the place of the plaintiff or defendant who shall have died pending the writ.*" The word "may" has been ruled to mean "shall": 4 Barr, 419. The 16th section of the act of the 9th of March, 1771, Dunlop, 98, 2d ed., 1 Smith's Laws, 313, creates overseers of the poor a body politic and corporate in law, and as such may sue and be sued in that name: Overseers *v.* Kline, 9 Barr, 218. The 33d section of the consolidated poor law of 1836, Dunlop, 771, 2d ed., authorizes overseers of the poor to sue for and recover any real or personal estate belonging to any pauper in their charge, and to collect and recover the rents and profits of his real estate, to apply the proceeds to defray the expenses incurred in the support and funeral

of such persons; and they are required, in case any balance shall remain after satisfying these objects, to pay it over to his legal representatives after his death, or demand made or indemnity given.

The counsel of the plaintiff in error admits the right of the overseers to sue and collect the rents of the pauper's estate in his lifetime, but denies their authority after the death; that it may prejudice the heirs, and that the heirs-at-law ought to have been substituted. (Here the contest was with the husband of one heir.) We do not think so. The act of 1807, before referred to, does not confine the substitution to the heirs-at-law; they are only the persons to be substituted when they are the next in interest, which only occasionally happens. The evidence shows to a demonstration that in this case the overseers of the poor of Jefferson township, who had fed and clothed the pauper, were the next in interest. Should they recover a surplus, the act of 1836 provides for that contingency; after the pauper's expenses are settled and allowed, the overseers of the township must pay over any balance to the person or persons legally entitled to receive it. It seems to us that human ingenuity could not have devised a truer or better system to meet this particular case than the legislature have afforded.

The judgment is affirmed.