## The Town of Brattleboro *v.* The Town of Stratton.

*Liability of Towns under Chap. 91 of Compiled Statutes.*

Lyman Ballard, a minor, whose legal settlement was in the town of S., was infected with the *small pox* while residing in the town of B., the selectmen of said town of B. provided physicians, nurses, and necessaries for said Lyman, and he was not of sufficient ability to pay said expenses; but his father was sufficiently able to pay them. It was held, in an action brought by the town of B. against the town of S. to recover said expenses, that the town of S. was *primarily* liable to the town of B. for whatever sum they had actually expended, in providing physicians, nurses, and necessaries for said Lyman.

This was an

ACTION ON THE STATUTE, brought by the town of Brattleboro to recover for expenses incurred by the selectmen of said town,

in providing physicians, nursing, and necessaries, for one Lyman Ballard, who was at the time infected with the *small pox*.

It was admitted, that the said Lyman Ballard was a minor, under the age of twenty-one years, that his settlement was in the town of Stratton, and that his father, resident in said Stratton, was of sufficient ability to support the said Lyman, and pay said expenses, so incurred, and that said Lyman was not of sufficient ability.

The testimony tended to prove, that the *small pox* was introduced into Brattleboro by a Mrs. Hinckley, a resident of said village, who had been to New York; that she was taken sick with the disease sometime in November, or the early part of December, A. D. 1848, and that in the course of a few weeks, there were six or seven cases of the *small pox* and eight or ten cases of the *varioloid*, in the town, and most of them in the village of East Brattleboro; that soon after the disease appeared, the selectmen of the town made an arrangement for a place conveniently remote from inhabitants, to which infected persons might be removed; that said Lyman Ballard became infected with said disease, and the selectmen were duly called upon to take care of him, and he was sent to said place, so provided by the selectmen, and that a nurse, physician, and necessaries were provided for him.

The testimony further tended to prove, that no other person, than the said Lyman, infected with the disease of *small pox* or *varioloid*, was sent to said place so provided, but that the other persons so infected were permitted to remain with their friends, although they were sick at the same time with the said Lyman; the selectmen posting at the ends of the streets, notices of "SMALL POX;" that two of said persons so infected with the *small pox*, could not, in the opinion of the attending physician, have been removed to said place, so provided, without danger to life.

The defendants requested the court to charge the jury, that inasmuch as the father of the said Lyman was of sufficient ability to pay said expenses, the present action could not be maintained, but the court declined so to charge, but did charge the jury, that inasmuch as said Lyman was not of sufficient ability, the town of Stratton was liable to pay said expenses.

The defendants further requested the court to charge the jury, if they should find that there were other persons infected with the

Brattleboro *v.* Stratton.

*small pox* or *varioloid*, in said Brattleboro, at the time when said Lyman was so infected, besides those persons whose lives in the opinion of the attending physician, would have been endangered by removal, and that said persons were not removed to said place, so provided by said selectmen, that then, and in that case, the town of Brattleboro could only recover such sum from the town of Stratton, as it would reasonably have cost, to have provided physicians, nursing, and necessaries for said Lyman, if all the persons so infected, other than those whose lives would in the opinion of the attending physician have been endangered thereby, had been removed to said place so provided, and had there been provided with physicians, nurses, and necessaries. The court declined so to charge, but did charge, that the town of Brattleboro were entitled to recover of the town of Stratton, whatever sum they had actually expended in providing physicians, nurses, and necessaries for said Lyman, but could recover nothing for providing said house, or as rent or any part of the rent or use thereof. Exceptions by defendants.

*O. L. Shafter* for defendants.

There was error in the refusal of the court to charge, as requested, that "inasmuch as the father of said Lyman was of sufficient ability to pay said expenses, the present action could not be maintained," and also in the charge actually given on that point.

The word "person" in the act, should receive a reasonable construction. *Hunt* v. *Lee et al.*, 10 Vt. 297. *Winchell* v. *Pond*, 19 Vt. 198. *Henry* v. *Tilson*, 17 Vt. 479.

And that it should be so rendered as to make the liability of the defendant, dependent upon the pecuniary ability of the *father* of the invalid, was virtually decided in *Bloomfield* v. *French*, 17 Vt. 79. *Berlin* v. *Morristown*, 20 Vt. 574.

That this service was rendered to the child at the father's request, is a conclusion of law. *Ambrose* v. *Kerrison*, 4 Eng. Rep. 361. *Chapple* v. *Cooper*, 13 M. & W. 252.

And if a question of fact, then it should have been left to the jury under proper instructions. *Gordon* v. *Potter*, 17 Vt. 348.

*A. Keyes* and *J. D. Bradley* for plaintiffs.

Brattleboro *v.* Stratton.

As to defendants' objection, that the *father* was of sufficient ability, the defendants seem to have blended two statutes, which are incapable of amalgamation — the chapter on "the support and removal of paupers," and that on "the preservation of the public health."

These laws are made to *remedy evils* totally distinct; one of them to provide for and relieve pauperism, the other to prevent the spread of contagion.

By means totally distinct, one of them compels lineal ancestors and descendants mutually to relieve each other; for it was a moral obligation far older than the statute. In the other, the Legislature saw the injustice of burdening a relative with sanitary measures for the public safety, and placed the burdens on the towns.

Suppose the parent *able* and *desirous* of maintaining his minor child; cannot the selectmen, in their discretion, remove him, against the wishes of the parent? and if they do so, can they recover the costs of the parent?

And this view is perfectly consistent with compelling *the patient himself* to pay, if able; for it induces greater care to avoid the contagion.

The opinion of the court was delivered by

ISHAM, J. The plaintiffs have brought their action on the statute against the town of Stratton to recover expenses to which they have been subject for one Lyman Ballard, who at the time was a resident of Brattleboro, and infected with the small pox, but whose legal settlement was in Stratton.

We learn from the case, that Lyman Ballard was a minor, and in his own right, was not of sufficient ability to pay these expenses, but that his father was sufficiently able to pay them. And it is insisted that in consequence of his ability, and liability to pay for the necessary support and expenses of his minor children, this action cannot be sustained against the town, and that the ability of the father, should under a construction of this act, be considered the ability of the minor, or the person so infected.

The court charged the jury, that "*as the said Lyman* was not "of sufficient ability, the town of Stratton was liable to pay these "expenses." The statute, p. 515, in relation to cases arising un-

der its provisions, is not only definite as to the person meant who shall be chargeable if of sufficient ability, but would seem to exclude any other construction. The first and second sections provide that if any person be so infected the selectmen shall immediately provide a place remote from the inhabitants, to which *such infected person* is to be removed, and make suitable provisions for such person. If the question be asked, at whose expense these provisions are to be made, the statute gives the answer. In the first place, it is to be done at the expense of *such person*, if of sufficient ability to pay the same, who is *infected with this disease*, and who is capable of communicating that disease to others, otherwise at the expense of the town in which such person has a settlement. It is therefore by express legislation that the words, "*such person if of sufficient ability to pay the same*," are confined to the person spoken of in this and the former section of this statute, and refers only to the *person so removed* by the selectmen and for whom personally these provisions were made. And though a minor, he is chargeable for these expenses, under this statute, as if for necessaries.

In an action, therefore, on this statute, we are not at liberty to extend this liability to others not embraced within the letter of the act, or within its spirit. For it was manifestly the intention of the Legislature to create a *primary liability on the town*, when the *person infected was unable to pay*. Whether the town of Stratton will have a claim against the father of this minor, or whether the town of Brattleboro could have brought their action upon a common law liability against the father, are questions we are not called upon to decide. We merely say, that in *this action*, founded upon *this statute*, the town, where the person so removed has his settlement, is by this statute made primarily liable, in case the *person infected* is unable to pay these expenses.

In the case of relief furnished to paupers, it has been held, that a town may support an action against a relative, where the relative would be liable at common law. 17 Vt. Rep. 79, *Bloomfield* v. *French*, and approved in *Woodstock* v. *Hartland*, 21 Vt. Rep. 563. And upon the authority of these cases it has been urged, that the plaintiffs could have sustained their action against the father of this minor, and that in consequence of this liability, the word "*person*" should include the father of this minor. The ob-

jection to this is, as before remarked, that the statute will not permit us to extend this construction, for it is expressly confined to the person infected and removed. Besides, if the plaintiffs can sustain an action against the father upon such liability, it in no way will effect an action against the town upon this statute, where a direct and primary liability is created by the statute, where the person so infected and removed is unable to pay the same.

We entertain no doubt, therefore, that this action is well brought against the town where this minor has his settlement, and that the ability of the father to pay these expenses, has no tendency to show the ability of the minor to pay the same.

In relation to the extent of the liability of the town the court charged the jury "that the plaintiffs were entitled to recover "whatever sum they had actually expended in providing physi-"cians, nurses, and necessaries for said Lyman." This language is in the very words of the act, which not only declares the liability, but the extent of it. The propriety of this charge to the jury is not affected by the neglect of the plaintiffs in not removing all so infected to the same place. That was a matter resting entirely within the discretion of the selectmen of the town. They may if deemed necessary remove them to as many different places as there are persons infected.

But the liability of those who are removed, and of the towns where they have their settlement, is confined to such expenses as arise in providing physicians, nurses, and such necessaries as the nature of the case may require.

Such being the charge of the court we see no reason for setting aside this verdict. The result is, that the judgment of the county court must be affirmed.