INHABITANTS OF GROVELAND *vs.* INHABITANTS OF MEDFORD.

Under Rev. Sts. *c.* 46, § 13, a town which has furnished relief to a person found therein and standing in need of immediate relief may recover the expenses thereof from the town of his settlement, although sufficient provision may have been made for his general support by his father's will.

METCALF, J.    This action is founded on the thirteenth section of *c.* 46 of the Revised Statutes, which directs that the overseers of the poor, in their respective towns, shall provide for the immediate relief of all persons residing or found therein, having lawful settlements in other towns, when they shall fall into distress and be in need of immediate relief; and provides that the expenses of such relief may be sued for and recovered, by the town incurring the same, against the town liable therefor.    The town in which the person who receives relief has his settlement is the "town liable" for the expense of that relief, unless it is furnished on his credit or on the credit of some other person or corporation, by contract or otherwise — which was not done in the case at bar; for the facts show that the relief that was furnished in this case was furnished to Watts Turner " as

pauper." The agreed facts therefore bring the case within the foregoing statute provision, and entitle the plaintiffs to recover the amount of their claim against the defendants, unless the defendants are exempted from their liability to the plaintiffs by the will of the father of the person whom the plaintiffs have relieved as a pauper. The third clause in that will is thus : — " I give to my son, Watts Turner, five dollars and no more. In case he should become chargeable to this or any other town," (that is, Medford or any other town,) " he is to be supported out of my estate." By the other clauses in the will, all the testator's property, besides the aforesaid five dollars, was devised and bequeathed to different persons, subject to no condition, charge, or incumbrance, except the incumbrance of a life rent on a lot of land which was devised to the testator's wife for life, remainder to his daughters. The will contains no direction nor intimation as to the manner in which, or by whom, his son Watts should be supported out of the property thus devised and bequeathed. But if we assume, as law, that the plaintiffs might maintain an action or a bill in equity against the said devisees for the support furnished to Watts, yet we are of opinion that the defendants cannot on that ground escape from the liability to which the statute has expressly subjected them. Even if the testator had in terms provided a fund for the support of Watts, (in case he should become chargeable to a town,) by leaving money in trust for that purpose, or otherwise, yet the plaintiffs, having furnished relief to him " as a pauper," might recover for that relief against the defendants, and would not be required to call on the trustees, by bill in equity or other process ; for the statute gives them another remedy. And when the defendants shall have satisfied the judgment which must now be rendered against them, they will be in a condition to seek reimbursement from the estate of the aforesaid testator ; or they may seek it from Watts's kindred, if there be any whom the Rev. Sts. *c.* 46, § 5, make liable for his support.

Persons who have property may, and sometimes do, fall into distress and need immediate relief ; and the overseers of the poor, in the town where this happens, are required to provide

for their immediate relief, and may obtain reimbursement from the town where they have their lawful settlement. A person so relieved, whether he had or had not property, never was liable to an action by the town to recover compensation for such relief, except whilst the St. of 1817, *c.* 186, § 5, was in force, which was repealed when the revised statutes took effect. *Inhabitants of Deer Isle* v. *Eaton,* 12 Mass. 328. *Inhabitants of Medford* v. *Learned,* 16 Mass. 215. And the only claim a town now has upon the property of a person supported as a pauper is to take it after his death, if he was at the time of his death actually chargeable to the town. *Sts.* 1837, *c.* 54, and 1858, *c.* 26, reenacted by the Gen. Sts. *c.* 70, § 21.

*Judgment for the plaintiffs.*

*W. D. Northend,* for the plaintiffs.

*G. D. Porter,* for the defendants.