INHABITANTS OF STOW *vs.* LUKE SAWYER.

One who, being in need of immediate relief and support, has received the same from the town of his lawful settlement, is not, in the absence of fraud, liable to an action by the town therefor, although he was possessed of property at the time.

APPEAL by the administrator with the will annexed of Sally Gates, from the decision of commissioners appointed by the probate court, allowing in part a claim against her insolvent estate in favor of the inhabitants of Stow, for relief and support furnished to her by their overseers of the poor.

It was agreed in this court that Sally Gates was an insane person who stood in need of immediate relief in another town, and the inhabitants of Stow, where she had her lawful settlement, were duly notified thereof and requested to remove her, which they did, and supported her till her death, being ignorant that she was possessed of property and supposing her to be a pauper. In fact, however, at the time of her removal, she had several hundred dollars on deposit in a savings bank, which remained hers till her death, and have since come to the possession of the defendant.

*G. M. Brooks*, for the plaintiffs. Towns are bound to relieve and support all poor persons lawfully settled therein, whenever they stand in need of relief. Gen. Sts. *c.* 70, §§ 1, 2, 12. Rev. Sts. *c.* 46, §§ 1, 2, 13. *Smith* v. *Coleraine*, 9 Met. 492. The plaintiffs were bound to furnish such relief and support to Sally Gates, in the condition in which she was. *Taunton* v. *Westport*, 12 Mass. 355. *Sturbridge* v. *Holland*, 11 Pick. 459. *Wilson* v. *Brooks*, 14 Pick. 344. Towns furnishing relief and support in the performance of their obligations may maintain an action, at common law, against those having the ability and duty to provide them. *Hanover* v. *Turner*, 14 Mass. 227. *New Bedfor* v. *Chace*, 5 Gray, 28. *Monson* v. *Williams*, 6 Gray, 416. *Rumney* v. *Keyes*, 7 N. H. 577. The above cases decide that such action lies against a husband and parent, for the support of his wife and infant children, on the ground that upon him rests the

obligation to maintain them. But is the obligation any greater to support his wife and children, than to support himself? If the person relieved is not in fact a pauper, there is no reason why the town should be debarred of its remedy. *Paris* v. *Hiram,* 12 Mass. 262. *Deer Isle* v. *Eaton,* Ib. 327. *Medford* v. *Learned,* 16 Mass. 215. Being a lunatic, Sally Gates would have been liable by an implied contract to any individual who furnished her with necessaries. Chit. Con. (7th Amer. ed.) 139. *Mc Crillis* v. *Bartlett,* 8 N. H. 569. *Bagster* v. *Portsmouth,* 7 D. & R. 614. *Hallett* v. *Oakes,* 1 Cush. 296. If liable to an individual, she should be equally liable to a town.

*G. F. Hoar,* for the defendant. A pauper incurs no liability for support furnished by the town of his settlement. *Deer Isle* v. *Eaton,* 12 Mass. 328. *Medford* v. *Learned,* 16 Mass. 215. On the facts agreed, Sally Gates was a pauper. A pauper is not necessarily a person wholly destitute of property. *Sturbridge* v. *Holland,* 11 Pick. 459. *New Bedford* v. *Chace,* 5 Gray, 30. *Groveland* v. *Medford,* 1 Allen, 23. *Marlborough* v. *Framingham,* 13 Met. 328. The *St.* of 1817, *c.* 186, § 5, providing for a pauper's personal liability to the town of his settlement, was omitted in the Revised Statutes, not accidentally, but from a deliberate and wise policy. Rev. Sts. *c.* 48, § 11, provide for the liability of lunatics not having a settlement in this commonwealth. The Commonwealth deems itself bound to furnish to each citizen who stands in need, freely and without compensation, that public assistance which, while of sufficient ability, he contributes to furnish to others. This is a duty to the citizen, like that of furnishing courts, schools, ways, &c. The adoption of any other rule would be of the worst possible consequences. If every pauper who leaves an almshouse, leaves it incumbered with debt, the inducement to gain an independence is gone. If it be said that the obligation only rests upon those having property, where is the limit? In the present case, the person relieved had not enough property for her entire support. No contract can arise where neither party intended to contract. The plaintiffs never gave credit to Sally Gates, or intended to contract with her; but furnished her with supplies in discharge of

a supposed public duty and legal obligation. The obligation upon a man to support his wife and children is created by way of estoppel, from public policy; but his liability to pay for his own support depends on contract. A town has no authority to furnish supplies on a contract for reimbursement, except in cases specially provided for.

METCALF, J. The question in this case is, whether a person who stands in need of relief and support, and to whom relief and support are furnished by a town, is liable to an action by the town to recover reimbursement, on its being discovered that he had property at the time when he was thus relieved and supported. How this might be, if fraud were practised on the town, we express no opinion.

We adhere to the views expressed in *Groveland* v. *Medford*, 1 Allen, 23, that a person who needs relief, and receives it from a town, is not liable to an action by the town to recover compensation for such relief, although he had property at the time when relief was furnished. The first case on this subject that has come to our knowledge is *Selectmen of Bennington* v. *McGennes*, N. Chip. 45, and reprinted in 1 D. Chip. 44, decided in 1790. Chief Justice Chipman there said: "The provision made by law for the relief of the poor is a charitable provision. To consider it in any other light detracts much from the benevolence of the law." In *Deer Isle* v. *Eaton*, 12 Mass. 328, the same view of the matter was taken by this court.

That a person who has property may sometimes need relief from a town where he falls into distress cannot be doubted; and that the town where he has his settlement must reimburse the town that furnishes the relief was decided in *Sturbridge* v. *Holland*, 11 Pick. 459.

In this case the rule of law operates hardly. But there is no danger that the rule will often work injustice. In almost all cases where relief is furnished by a town to persons who hav property not at their immediate command, we cannot help believing that they would be disposed to indemnify the town. And if hidden or unknown property of a person who has

received support should be discovered after his death, it is to be hoped that those to whom such property legally belongs would not often insist on holding it.                    *Claim disallowed.*