## THE BOARD OF COMMISSIONERS OF NOBLE COUNTY *v.* SCHMOKE.

COUNTY COMMISSIONERS.—*Poor.*—The board of commissioners of a county cannot maintain an action against the husband of an insane wife for her board, attendance upon her, and the use of a room for lodging her, in the county asylum for the poor, though the husband promised to pay for the same.

From the Noble Circuit Court.

*A. A. Chapin,* for appellant.

*Wildman & Mains,* for appellee.

DOWNEY, J.—This was an action by the appellant against the appellee. The complaint is in three paragraphs. The first alleges that the defendant is indebted to the plaintiff in

the sum of three hundred and fifty dollars for the use of a room, board, lodging and care of the wife of said defendant, from the 1st day of January, 1872, to the 14th day of January, 1874, at his instance and request, a bill of particulars of which is filed, etc.

The second avers, that the defendant is indebted to the plaintiff in a like amount for use of room, board, lodging, care and attendance upon the wife of said defendant in the asylum for the poor of said county for the same period of time, at the like instance and request of the defendant, and has also a bill of particulars filed therewith.

The third charges, that, on the 1st day of January, 1872, the defendant's wife was insane; that she had been in the state hospital for the insane, and had been discharged therefrom as incurable; that the defendant had ample means to pay for the care of her, but had no place suitable for her keeping; that she was at times violent, and indulged in coarse, obscene and vulgar language, so that the defendant could get no proper person to take charge of and keep her; that the county had a large and commodious building constructed for a county poor-house, with rooms properly fitted for the keeping of insane persons, like the wife of the defendant, and had also a superintendent, with assistants, to take charge of and control the same; that the defendant, being desirous that his wife should be received into said building and kept therein, applied for her admission therein, and then and there promised and agreed with the plaintiff to pay what it should be reasonably worth to care for and attend upon his said wife while she should remain therein, and for the use of the room occupied by her.

It is further alleged, that the plaintiff, in consideration of the defendant's promise, received the wife of the defendant into said building, and kept and provided for her from January 1st, 1872, to January 14th, 1874, which, it is alleged, was reasonably worth three hundred and fifty dollars, which amount is due and remains unpaid, etc.

It is further stated, that, during all of said time, the room occupied by her was not needed for the use of the county poor who were in the building or had a right to be admitted therein, and that it required no additional attendants, nor were the county poor deprived of any advantages and privileges to which they were entitled during the time she was so kept therein, by reason of the fact that she was so kept. Wherefore, etc.

There was an attachment and process of garnishment sued out in connection with the action, but no question arises with reference thereto.

The defendant demurred to each paragraph of the complaint separately, and the demurrers were all sustained, and judgment was rendered for the defendant. This ruling is assigned for error.

If we are to adhere to, and be governed by, *The Board of Commissioners of Switzerland County* v. *Hildebrand,* 1 Ind. 555, there was no error in this ruling. It was held in that case, that if the wife was a pauper, the husband was not liable, because the provision made for her was a charity, and no person was liable to pay for the same. If she was not a pauper, then the commissioners had no authority to receive her into the asylum and provide for her, and no power or right to maintain an action for so doing.

There is no material difference between the first and second paragraphs of the complaint in this case and the counts in the declaration in the case of *The Board of Commissioners, etc.,* v. *Hildebrand, supra.*

The third paragraph of the complaint in this case differs from any of the counts in the declaration in that case, in that it alleges a special agreement and promise to pay.

The case of *The Selectmen of Bennington* v. *McGennes,* 1 D. Chip. 44, is referred to in a note to the *Hildebrand* case. In that case no special promise was alleged or made.

In *Howard* v. *Trustees of Whetstone Township,* 10 Ohio, 365, the opposite doctrine to that laid down in the case of *Hildebrand* is announced and sustained by very strong rea-

soning. This case was followed by the same court in *The Trustees of Springfield Township* v. *Demott*, 13 Ohio, 104.

In *The Inhabitants of Hanover* v. *Turner*, 14 Mass. 227, it was held that, according to the common law, the husband is liable, in the absence of a special contract, for such expenditures.

After a full consideration of the question, BIDDLE, C. J., and PETTIT and WORDEN, JJ., are of the opinion that the ruling of the circuit court was correct, and BUSKIRK and DOWNEY, JJ., are of the contrary opinion.

The result is that the judgment is affirmed, with costs.