## COOLEDGE v. MAHASKA COUNTY.

1. **Poor, support of:** LIABILITY OF COUNTY. The principle recognized that the obligation of the county to support the poor is purely statutory, and that, to render it liable, the case must fall within, and the liability be created pursuant to, and in the manner prescribed by, the statute.

2. —— TOWNSHIP TRUSTEES. Under sections 1387 and 1388 of the Revision, the township trustees may bind the county for medical services rendered at their instance, during the vacation of the board of supervisors, to poor sick persons in the township.

3. —— SUPERVISORS CANNOT DELEGATE POWER: CONSTITUTIONAL LAW. The board of supervisors cannot, by virtue of sections 327 and 328 of the Revision, entitled "An act in relation to roads and highways," delegate its duties and powers in relation to the poor to the clerk of the District Court. Said act cannot be construed to embrace subjects not expressed in its title.

4. —— FAILURE OF TRUSTEES TO REPORT, QUERE. Whether a failure on the part of the trustees to report to the board of supervisors, as required by section 1388, a case where medical services have been rendered at their instance, will operate to deprive the physician of the right to compensation for services rendered after the time when the trustees *ought* to have reported, although not notified of the omission, nor to discontinue his services, *quere*.

*Appeal from Mahaska District Court.*

THURSDAY, APRIL 9.

PAUPERS: LIABILITY OF COUNTY: POWER OF TOWNSHIP
TRUSTEES: DELEGATION OF POWER BY SUPERVISORS TO CLERK,
ETC. — Plaintiff is a physician.   As such, he rendered
services to certain poor sick persons at the request· of
two of the trustees of the proper township. Rev. §§ 1387,
1388.   There is no poor-house in the county.   The
services were rendered between February 20 and April
21, 1866.   The persons attended by the plaintiff were
poor, sick with small-pox and confined in the pest-house
(so called).   There was no session of the board of super-
visors during the time the services were being performed.
The services, at the price agreed upon by plaintiff and
the trustees, amounted to $245; and the court finds that
they were reasonably worth that sum.   The board of
supervisors rejected the plaintiff's claim, which was pre-
sented at the first session of the board after it accrued.
Whereupon plaintiff brought this action in the District
Court.

The county denies liability; and it bases its defense
mainly upon the following resolution of the board, passed
prior to the rendering of the services sued for, to wit:

"*Resolved*, that, when any duties are to be performed
or acts done during the vacation of the board, which
cannot be done without too much delay or inconvenience
to the board, then the clerk of the District Court may
perform such duties as contemplated by article 12, chapter
22, of the Revision of 1860; provided, in relation to
roads, said clerk shall only act upon business previously
presented to this board."

The District Court found that the trustees had the
power to, and that they·did, employ the plaintiff; that

he rendered the services; but it also found that it was the duty of the trustees to report the cases to the clerk of the District Court, that he, as the authorized agent of the county, might have granted or denied further relief; that the county is only liable to plaintiff from the time of his employment by the trustees, until these cases could reasonably have been reported by the trustees to the clerk, and acted upon by him, which would be within three or four days; that plaintiff's services during such time were reasonably worth $75, for which the court gave him judgment. The claim for the rest of the services the court rejected, because the trustees did not report the case to the clerk of the District Court.

Plaintiff appeals.

*M. E. Cutts* for the appellant.

*Seevers & Williams* for the county.

DILLON, Ch. J.—A few propositions of law will show

<span style="font-variant:small-caps">1. Poor, support of: liability of county.</span> the error into which the District Court fell in disallowing, for the reasons stated, the greater part of the plaintiff's claim.

I. We admit the proposition that the obligation or duty of the county to support the poor is statutory, and that, to render it liable, the case must fall within, and the liability be created pursuant to, and in the manner prescribed by, the statute. *Mitchell* v. *Cornville*, 12 Mass. 333; *Miller* v. *Somerset*, 14 id. 396; *Kellogg* v. *St. George*, 28 Maine, 255; *Ives* v. *Wallingford*, 8 Verm. 224, 228.

II. Under sections 1387 and 1388 of the Revision, the township trustees may bind the county for medical ser-

<span style="font-variant:small-caps">2. —— township trustees.</span> vices rendered at their instance to poor, sick persons in their township.

Prior to the adoption of the supervisor system, it was their duty to report each case in which they administered temporary relief, to the county judge (§ 1388).

The board of supervisors now take the place of the county judge in this respect (Rev. § 312, subds. 20, 21, also § 330), and it is their duty to report to the board instead of the judge.

III. Sections 327 and 328 of the Revision entitled "An act in relation to roads and highways," cannot be construed to embrace subjects not expressed in the title (Const. art. 3, § 29). Therefore the board could not, by virtue thereof, delegate its duties and powers in relation to the poor, to the clerk of the District Court. See *State* v. *Kimball*, 23 Iowa, 531. Hence, the resolution of the board imposed upon the trustees no legal obligation to report to the clerk ; and it conferred upon the clerk no legal power to act for the board in denying further relief. The District Court held otherwise, and herein consists the error in its judgment.

It is implied in the decision of the District Court that the failure or omission of the trustees to report the case, as required by section 1388, will operate to deprive the employee of the trustees of the right to compensation for services rendered after the time when the trustees *ought* to have reported, although such employee is not notified of the omission to report, nor that he shall cease to render further services. The point is not essential to a decision of this case, and we notice it simply to say that we have such doubts as to its correctness, as to make it proper to leave it open until its decision is legitimately required.

Defendant's counsel endeavors to meet the view above presented thus: "That the court found *as a fact* that the clerk was authorized to act for the board while it was

not in session, in the case of any poor person ; that the evidence is not here, and hence this court is bound to presume that the fact found was proved." But the counsel mistakes the court's finding in this respect. That finding is, " that the clerk, by *virtue of the resolution* as set forth in the answer (*see statement*), was authorized," etc.

We have before seen that this resolution did not confer the supposed authority upon the clerk to act for the board in respect to their duties in relation to the poor.

Upon the facts found, the judgment of the District Court should have been in the plaintiff's favor for the whole amount of his claim. The cause will be remanded with directions that this be done.

Reversed.