## BREMER COUNTY v. CURTIS.

1. **Estate:** CLAIM AGAINST: STATEMENT FILED. The statement of a claim filed against an estate takes the place of a petition, and should state all the facts relied on as constituting a cause of action.

2. **Pauper:** AID FURNISHED BY COUNTY: RECOVERY FOR FROM ESTATE. The aid furnished by a county to a pauper is a charity to which the latter is entitled under the statute, and there is no promise implied on his part to reimburse the county therefor, nor will the fact that such aid is furnished give the county a right of action against the estate of the recipient.

*Appeal from Bremer Circuit Court.*

WEDNESDAY, JUNE 16.

THE plaintiff filed in said court the following claim:

"Claim of Bremer county, Iowa, against S. H. Curtis, the admistrator of the estate of Julia Cresmeyer, deceased:

| Date. | Dr. |
|---|---|
| To amounts paid at sundry times for board and care of said deceased as a pauper, from December 7, 1875, to September 9, 1878 | $372.55 |
| Amount paid for washing during sickness | 2.75 |
| Amount paid for meat in sickness | 3.40 |
| Total | $378.70 |

Duly verified under oath by county auditor, and filed as a claim against the administrator of the estate, February 2, 1880."

To this claim or cause of action the defendant demurred, which was overruled, and electing to stand thereon, the court allowed the claim as of the third class against the estate, and the defendant appeals.

*M. E. Billings & Co.*, for appellant.

*Gray, Dougherty & Gibson*, for appellee.

SEEVERS, J.—I. It is deemed unnecessary to set out at length the grounds of demurrer. The claim filed stands for,

1. ESTATE: claim against statement filed. and in the place of, a petition, and must be regarded as a statement of the cause of action, as under the statute no petition is required to be filed. It shows on its face the deceased was a pauper at the time the supplies were furnished, and it must be presumed said deceased was legally entitled thereto. If the support was obtained by fraud, it should have been stated in the petition or claim filed.

II. The statute in terms imposes on counties the duty of supporting poor persons, and there is no statute providing

2. PAUPERS: aid furnished by county: recovery from estate. that such persons, so supported, shall in any event be liable to the county. It is not claimed there was an express promise to pay the county. Can one be implied? It was held at an early day in this country there could not. *Inhabitants of Deer Isle v. Eaton et al.*, 12 Mass., 327; *Selectmen of Bennington v. McGinnis*, 1 D. Chip. (Vt.), 44.

These cases proceed on the ground that the aid furnished the poor person is a charity to which he is legally entitled, and that, therefore, a promise cannot be implied.

III. The remaining question is whether there can be a recovery against the estate of the person to whom aid is furnished. The statute provides that "Any county having expended any money for the relief of a poor person * * may recover the same from any of his kindred mentioned in sections 1330 and 1331, * * by an action brought in any court having jurisdiction." Code, § 1350. The kindred thus made liable are the persons who will inherit from the poor person in the absence of a will. But the liability does not depend on the fact that they at any time may be reimbursed by the pauper, or are entitled thereto, but solely on the ground that the general assembly has so provided under the police power with which it is invested. What the value of the estate is, or whether there are creditors, we have no

means of knowing. It is possible the presumption should be indulged there is property belonging to the estate which will be distributed among the heirs at law. They may, or may not, be residents of the State. Whether they are or not, it may be an action can be brought against them, unless barred by the statute, and their interest garnished.

It would be a legal anomaly if a recovery could be had against an estate, when none could be had against the deceased if living.

REVERSED.