JONES COUNTY, Appellant, v. R. A. NORTON, Administrator of the Estate of PRECILLA DAVIS, Deceased.

1 **Insane: Recovery for Support in Poorhouse.** A county
2 can not recover of the estate of a person insane, for board, lodging
3 and medical care furnished such person in a county poorhouse.

4 **Statute of Limitations.** Such claim is, at all events, barred after five years.

*Appeal from Jones District Court.*—HON. JAMES D. GIFFEN, Judge.

MONDAY, OCTOBER 8, 1894.

ACTION to recover for costs and expenses paid in maintaining deceased, an insane person, at the state hospital, and at plaintiff's county poorhouse. The case was tried to the court, and judgment rendered in favor of the defendant. Plaintiff appeals.—*Affirmed.*

*E. H. Hicks* and *Herrick & Hicks* for appellant.

*W. I. Chamberlain* and *Sheean & McCarn* for appellee.

GIVEN, J.—I.   In November, 1874, the deceased, Precilla Davis, was adjudged insane, and ordered to be taken to the State Hospital for the Insane at Independence, where she was kept under treatment until November, 1875, when she was declared incurable and returned to said county.   From that time until her death, in July, 1892, deceased was provided and cared for at the poorhouse of the plaintiff county.   Plaintiff paid two hundred and thirty-four dollars and seventy-seven cents for taking deceased to and maintaining her at the state hospital, the last item of which was paid December 31, 1875.   It is conceded that the care and support furnished by the county at its poorhouse was worth one thousand, five hundred and eighty-seven dollars and forty-six cents.   This action was not begun until November 25, 1891, and defendant contends that the claim for expenses paid for taking and maintaining deceased in the state hospital is barred, and that plaintiff is not entitled to recover for support furnished at its own poorhouse.   There is no question but that plaintiff is entitled to recover, under section 1433 of the Code, for the expenses paid for care and treatment in the state hospital, if the claim is not barred.   The controlling question is whether plaintiff is entitled to recover for the care and support furnished at its own poorhouse—a question that must be determined by reference to the statute. There was no express contract, and none will be implied, as in the case of necessaries furnished to a dependent person.   There being no contract, there is no common law liability.   *Delaware Co. v. McDonald*, 46 Iowa, 170; *Bremer Co. v. Curtis*, 54 Iowa, 72, 6 N. W. Rep. 135. Turning to chapter 2, title 11, of the Code, it will be

seen that the duty is imposed upon each county to care for all insane persons having a legal residence in the county. They are cared for by the county by being sent to the state hospital, by being detained in the county poorhouse, or jail, if there is no poorhouse, or by special custodian. Only such ones as are found to be "a fit subject for custody and treatment" therein are sent to the hospital, and incurables are returned to the county. In all cases the county pays the expenses of care and support, from taxes collected for that purpose, except when relations or friends "obligate themselves to take charge of and provide for them without public charge." The care and support furnished to these unfortunates are not at the request of the recipients, nor always of their friends; it is compulsory, and is provided in the interests of humanity, and for the protection of society. The state, in aid of this commendable charity, has provided hospitals where those for whom cure is possible may receive treatment at the expense of the county. When the hope of cure is past, the unfortunate is returned to the county of his residence for care and support, as provided.

II. As already stated, there is no common law liability on the part of the defendant, and it is a familiar rule that none will be held to exist under the statute unless expressly provided. The only provision for reimbursing the county is said section 1433, which, so far as relates to this question, is as follows: "The provisions herein made for the support of the insane at public charge shall not be construed to release the estate of such persons from liability for their support; and the auditors of the several counties, subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients any sums paid by the county in their behalf, as herein provided; and the certificate from the superintendent, and the notice from the auditor of state,

stating the sums charged in such cases, shall be presumptive evidence of the correctness of the sums so stated." The first of the section does not create a liability, but simply provides that the provisions made for public support shall not release the estates of such persons from liability for their support. The purpose of this provision is to leave persons who furnish necessary care and support to an insane person, in the absence of care by the county, or when appointed special custodian, under section 1403, to their rights under the common law. The further provisions do create a liability to the county, not for support furnished at the county poorhouse, but for "any sums paid by the county in their behalf as herein provided." What follows shows that the sums "herein provided" refer to sums paid for treatment and support in the state hospital. It is "sums paid" that are recoverable, not the value of "board and lodging, care, medicine, and medical attendance," as claimed in this case. This question was not involved in *Thode v. Spofford*, 65 Iowa, 294, 17 N. W. Rep. 561, and 21 N. W. Rep. 647; nor decided in *Fayette County v. Hancock*, 83 Iowa, 694, 49 N. W. Rep. 1040, cited by plaintiff. In the former the question was whether the claim for sums paid for support in the hospital was a lien on real estate before judgment, and in the latter the question decided was whether pension money was exempt from the payment of such a claim. In *Speedling v. Worth County*, 68 Iowa, 152, 26 N. W. Rep. 50, it was held that the county was liable to plaintiff for care and support furnished by him to his adult insane daughter.

We are of the opinion that there is no liability against the estate in favor of the county for "board and lodging, care, medicine, and medical attendance in the poorhouse," and that the other part of plaintiff's case is barred by the statute of limitations. The judgment of the district court is AFFIRMED.