STATE OF IOWA, Appellant, v. JAMES COLLIGAN.

**Insane persons:** LIABILITY FOR SUPPORT. The right of the state to
1 recover compensation of one cared for in a hospital for the insane is purely statutory.

**Same.** Code, section 2297, does not authorize the state to recover
2 of a non-resident compensation for his support in a hospital for the insane.

*Appeal from Woodbury District Court.*— HON. G. W. WAKE-
FIELD, Judge.

WEDNESDAY, OCTOBER 18, 1905.

ACTION brought by the State against a non-resident of the State, who has been confined in the hospitals for the insane at Independence and Clarinda, to recover the amount expended for him and on his behalf while thus confined. Judgment for the defendant, from which the State appeals.— *Affirmed.*

*Chas. W. Mullan,* Attorney General, *Lawrence De Graff,* Assistant Attorney General, and *F. L. Ferris,* for the State.

*C. H. Dillon,* for appellee.

McCLAIN, J.— By Code, section 2297, it is provided that the county of the residence of an insane person may

recover from the property of the patient any sums paid by the county for the support of such person in the State hospital; but it is agreed that the defendant in this action was not a resident of any county in the State at the time he was committed to the hospital, and that he had no legal settlement in the State. He was as a matter of fact a resident of South Dakota, and was only temporarily in this State when committed. By Code, section 2283, it is provided that " patients in a hospital having no legal settlement in the State or whose legal settlement cannot be ascertained shall be supported at the expense of the State." It is further provided in the same section that insane persons having a settlement within another State may be removed to the place of legal settlement, and that the trustees of the hospital may authorize the superintendent to remove any patient who has no legal settlement within the State. Notwithstanding these provisions, the defendant has been maintained for many years in the hospitals of this State at the State's expense. It has been discovered now that defendant has property in the county of his residence in South Dakota, and the State seeks to recover judgment against him for the expenses of his maintenance in the State hospitals, in order that it may subject his estate in South Dakota to the payment of such expenses.

The contention on behalf of the State is that the estate of an insane person is liable for the necessary expenses of his support. Conceding this legal proposition, we find no authority for holding that the State, having established hospitals for the insane, which are largely charities, and provided, in the interest of humanity and for the protection of society, that insane persons shall be confined therein, has any common-law right of recovery against those who receive the benefits of such public charities. The uniform rule seems to be that there is no liability on the part of the person who receives such benefit, or on the part of his relatives, to make compensation save as such compensation may be expressly required and provided for by

1. INSANE PERSONS: liability for support.

statute. No such obligation is to be implied. *Delaware County v. McDonald,* 46 Iowa, 170; *Montgomery County v. Gupton,* 139 Mo. 303 (39 S. W. 447, 40 S. W. 1094). This has been the uniform holding, also, as to public aid furnished to poor persons. *Bremer County v. Curtis,* 54 Iowa, 72; *City of Albany v. McNamara,* 117 N. Y. 168 (22 N. E. 931, 6 L. R. A. 212).

*In Jones County v. Norton,* 91 Iowa, 680, it was held that there was no common-law right of recovery by the county against the estate of an insane person for the expenses of maintaining such person in the county poorhouse, and the statute was subsequently amended so as to impose such liability. See Acts 26th General Assembly, chapter 52, now incorporated into Code, section 2297. In the absence of any statutory provision authorizing recovery by the State as against an insane person confined in the State hospital, no such recovery can be had.

Counsel rely upon the first clause in Code, section 2297: " The provision herein made for the support of the insane at public charge shall not be construed to release the estates of such persons nor their relatives from liability for their support."

But it seems to us that this falls far short of being a statutory provision authorizing a recovery by the State in such cases; and, as the other language of the section relates only to enforcement of liability by the county 2. SAME. of the residence of the patient, which has been compelled by the provision of the statute to pay the State the expense of his maintenance in a hospital or has supported him in a county institution, we conclude that there is no expression of any legislative intention to create a liability which may be enforced by the State against the patient or his property. The only case directly relied upon by counsel for the State is that of *Coleman v. Commissioners,* 6 B. Mon. 239; but in that case it was held only that a court of equity, on discovery that the insane person had an estate,

might enforce against the estate a statutory liability which might previously have been made effectual, had the fact of the existence of the estate been known.

The judgment of the trial court is *affirmed*.