H. C. KORF, Appellant, v. JASPER COUNTY, IOWA, Appellee.

**Appointment of counsel for accused.**    The appointment by the court of an attorney to defend one accused of crime will be presumed to be at the request of the defendant unless the contrary is shown.

**Same:** LIABILITY OF COUNTY FOR THE SERVICE.    A county, though not a party to the action, is liable for the services rendered by an attorney appointed under Code Section 5314, to defend one charged with murder.

**Same.**    A county cannot resist an action for services by an attorney appointed by the court to defend one charged with murder on the ground that defendant has means with which to employ counsel, as that is a question for the court making the appointment, and its decision is final; the county can only inquire into the actual performance of the service.

**Same.**    The court may appoint counsel for an accused, subject to the provisions of the statute at any time during the trial.

*Appeal from Powershiek District Court.*— HON. JOHN T. SCOTT, Judge.

WEDNESDAY, SEPTEMBER 19, 1906.

REHEARING DENIED, FRIDAY, JANUARY 18, 1907.

ACTION for services rendered in the defense of a person accused of murder. Verdict was directed for defendant, and judgment rendered thereon. The plaintiff appeals.— *Reversed.*

*Morgan & Korf* and *C. O. McLean,* for appellant.

*P. H. Cragan,* County Attorney, and *Harrah & Meyers,* for appellee.

LADD, J.— In February, 1903, Hannah Laballeur was indicted for the crime of murdering her husband. She employed C. O. McLean, Esq., to defend her. At the first

1. APPOINTMENT OF COUNSEL FOR ACCUSED.

trial, which resulted in a disagreement of the jury, he had no assistance. She was put on trial a second time in December, 1903. Shortly prior thereto, the body of the deceased had been exhumed and examined in the absence of the accused and her attorney, and a few days before the trial, notice that the three physicians who had examined the body, and four others, would be called as witnesses by the State, was served upon the defendant. Thereupon McLean applied to the court, Judge Preston presiding, for assistance, saying: " I want to ask that I have assistance in this case, and I ask that Mr. Korf be appointed to assist me." The county attorney protested against the appointment on the ground that the defendant had ample means to employ counsel. Two attorneys of experience, one appointed by the court and the other employed by the relatives of the deceased, were assisting the county attorney  After some parley, the court with the remark that " there being three attorneys on the other side, I think it due the defendant that there be an assistant to Mr. McLean," ordered, as appears from the journal, " H. C. Korf appointed to defend." It does not appear whether the application of McLean was at the request of the accused in person but, as

he was acting as her attorney, this, in the absence of any showing may be presumed.

This appointment is assailed as not binding on the county, on the ground that it was not a party to the action. It was not such. *State v. Behrens,* 109 Iowa, 58. But it 2. SAME: liability was not essential that the county should have of county for the services. been a party in order to fix its liability. *Hyatt v. Hamilton Co.,* 121 Iowa, 292; *Hall v. Washington,* 2 G. Greene, 473. Its obligation is determined by statute. Section 5314, Code, provides that " an attorney appointed by the court to defend a person indicted for homicide, or any offense, the punishment of which is life imprisonment, shall receive from the county treasurer a fee of $20.00 per day for time actually occupied in court in the trial of defendant. . . . To be entitled to such compensation the attorney must file with the court his affidavit that he has not directly or indirectly received or entered into a contract to receive any compensation for such services from any source. Only one attorney in any case shall receive such compensation."

Again it is argued that the accused had means to employ counsel. But that was for the court to decide, before assigning an attorney to defend her. This clearly appears from section 5313, Code, authorizing such ap3. SAME. pointment: " If the defendant appears for arraignment without counsel, he must, before, proceeding therewith, be informed by the court of his right thereto, and be asked if he desires counsel, and if he does, and is unable to employ any, the court must allow him to select, or assign him counsel, not exceeding two, who shall have free access to him at all reasonable hours." Should the court find a person accused of crime unable to employ counsel, it is no part of the duty of the attorney required to make the defense to challenge the correctness of this finding. He is not a party to the proceeding, and necessarily must rely on the court's order as authority for interposing such defense in behalf of the accused as the circumstances of the case may

exact. As an officer of the court he cannot refuse to act. Hall v. Washington County, *supra;* Hyatt v. Hamilton Co., *supra; Barnes v. Commonwealth,* 92 Va. 794 (23 S. E. 784). It is a duty he owes, not only to the court, but to his profession, to the administration of justice and to humanity not to withhold his aid or spare his best efforts in the defense of one " who has the double misfortune to be stricken with poverty, and accused of crime. No one is at liberty to decline such an appointment and few, it is to be hoped, would be disposed to do so." Cooley, Constitutional Limitations 406. When appointed to defend, his compensation for services rendered under such appointment are definitely fixed, and no discretion is left to officers of the county with respect to the propriety of the assignment. That matter is confided to the judgment of the court at the bar of which the accused is arraigned and tried.

The Constitution guaranties to every person accused of crime, involving his life or liberty, the assistance of counsel. Section 10, article 1, Constitution. But such assistance cannot be forced upon any one not desiring it, nor is the court required to appoint counsel save upon request. *State v. Whitesides,* 49 La. Ann. 352 (21 So. 540); *State v. Moore,* 121 Mo. 514 (26 S. W. 345, 42 Am. St. Rep. 542); *State v. Raney,* 63 N. J. Law, 363 (43 Atl. 677); *Barnes v. Com.,* 92 Va. 794 (23 S. E. 784). Though the right to the assistance of counsel is thus guarantied, it was competent for the Legislature to reasonably regulate and prescribe the manner of their assignment by statute. See *Drady v. Given,* 126 Iowa, 345. This has been done and, as the section of the Code last quoted amply guards the rights of those accused, no question of the inherent power of the court to appoint is involved in the case. An analysis of the statute discloses that counsel is to be assigned to assist the defendant, upon three conditions only: (1) When the accused is without counsel; (2) when unable to employ counsel; and (3) upon the request of the defendant. These are the is-

sues to be determined in ascertaining whether counsel shall be assigned by the court to assist the accused in the trial. That one or more of them may be erroneously decided does not affect the jurisdiction of the court to pass upon them, for jurisdiction does not depend upon the regularity of the exercise of power conferred nor upon rightfulness of the decisions made. It is the authority to hear and determine and that authority is expressly conferred by the statute quoted in every case wherein a person, accused ·of crime, is arraigned therefor before the court or put on trial. These principles are too elementary to require citation of authority in their support. The court in the case against Mrs. Laballeur then had acquired jurisdiction to decide the issues mentioned and that decision was not the subject of review, by the board of supervisors of Jasper county. No such authority is conferred on that body. For reasons satisfactory to the Legislature an· appeal from the court's decision is not provided, and the supervisors must content themselves with making inquiry as to whether the appointment actually has been made and the number of days the attorney was occupied in court in the trial, and, having ascertained these facts, its duty is to audit and allow the account accordingly.

The statute quoted should not be construed as limiting the exercise of the power to appoint counsel at the time of arraignment. Exigencies may arise thereafter, such as change of residence, disability or death, rendering the substitution of another attorney necessary. So too, where only one attorney has been assigned or employed, it may prove essential to a fair trial that additional counsel be designated to assist the accused to the end that he may be in a situation to cope in the forensic contest with the forces opposed, with something like equality in professional ability and experience. The statute was designed to carry out the provision of the Constitution, guarantying to the accused in all criminal prosecutions the assistance of counsel. If this object is to be

4. SAME.

effectuated, the statute should be construed to authorize the appointment of counsel at any time in the proceeding, when this shall be essential to giving him the benefits of this guaranty. Power is conferred upon the court to assign two attorneys, and we think that either or both may be designated, upon request, at any time pending the proceedings in court.

It follows from what we have said that the verdict should have been for plaintiff instead of defendant.— *Reversed.*