STATE OF IOWA ex rel. E. H. WADSWORTH, Appellee, v. BOARD OF SUPERVISORS OF LINN COUNTY et al., Appellees; LINN COUNTY ABSTRACT COMPANY, Appellant.

No. 46079.

DECEMBER 15, 1942.

Crissman & Bleakley, of Cedar Rapids, for appellant.

Donald Barnes and E. H. Wadsworth, both of Cedar Rapids, for State of Iowa ex rel. E. H. Wadsworth, appellee.

William W. Crissman, of Cedar Rapids, for Board of Supervisors of Linn County, Clarence Beeson, Elmer S. Seevell, Clare Petty, and Linn County, appellees.

STIGER, J.— The petition alleged that on April 16, 1940, the defendant board of supervisors entered into a written lease with the defendant Linn County Abstract Company by the terms of which certain rooms in the basement of the Linn County Courthouse were rented to the abstract company for a term of five years; that the courthouse was built for the express and sole purpose of housing its courts and county offices; that the abstract company is a private business for pecuniary profit, and that the board of supervisors was without authority to execute the lease and same is illegal.

The abstract company filed an answer containing seven divisions.

The record shows that on May 4, 1925, the board of supervisors of Linn county leased the rooms to the abstract company for a term of five years. There were three renewals of the lease for five-year periods, the last renewal being dated April 16, 1940, and covered the period from May 4, 1940, to May 4, 1945, which last renewal is the subject matter of plaintiff's action.

In Hilgers v. Woodbury County, 200 Iowa 1318, 1321, 206 N. W. 660, 661, this court said:

"The authorities are not uniform on the question of the right of public officials to rent a portion of a public building for a private use, but we are satisfied that the greater weight of authority and the better reasoning are to the effect that the board of supervisors has no power to so use a courthouse or any portion of it, in the absence of a legislative grant of such power. The question, under statutes somewhat similar to ours, is quite fully discussed in State ex rel. Scott v. Hart, 144 Ind. 107 (33 L. R. A. 118)."

Divisions 4 and 5 of the answer of the abstract company challenged plaintiff's form of action, division 4 alleging that certiorari was the proper remedy to test the validity of the action of the board, and division 5 alleging that mandamus was the exclusive remedy to obtain an order commanding an inferior board to do or not to do an act "the performance or omission of which the law enjoins as a duty resulting from an office, trust or station."

Plaintiff moved to strike these divisions on the ground that the averments and allegations contained therein have already been raised by motions filed by said defendant, and said motions have been fully determined and ruled upon by the court, and said allegations are now irrelevant, incompetent, and immaterial.

The abstract did not include the motions referred to in plaintiff's motion to strike or the rulings of the trial court. Plaintiff has filed a motion to dismiss this appeal on the ground that the abstract failed to set out said pleadings and that they are necessary to a full and complete understanding of these issues presented on this appeal, which statement is true. However, the abstract company admits, or at least assumes for the purpose of this appeal, that the state of the record is as stated in said motion to strike.

Apparently, the allegations in divisions 4 and 5 of the abstract company's answer are a repetition of its previous allegations made in its motions attacking the petition and the court overruled said motions and held that quo warranto was the proper remedy to challenge the validity of the lease. The record

does show that the company excepted to the ruling which became the law of the case in that forum. The trial court was right in sustaining this motion to strike. Furthermore, it is obvious that the abstract company was not prejudiced by the action of the court in striking said divisions of the answer which pleaded identical matters already held bad in the court's ruling on the motions to which it excepted.

Whether quo warranto was the proper form of action is argued on appeal. Section 12417, 1939 Code, provides that:

"A civil action by ordinary proceedings may be brought in the name of the state in the following cases: * * *

"4. Against any corporation doing or omitting acts which amount to a forfeiture of its rights and privileges as a corporation, or exercising powers not conferred by law."

The charge in the petition is that the board of supervisors of Linn county exceeded its powers in entering into the lease. The trial court was right in holding that plaintiff availed himself of a proper remedy to question the legality of the lease.

II. In division 6 of its answer, the abstract company, after stating the board of supervisors were confronted with the matter of the cost of construction of a new courthouse pursuant to an election, stated:

"* * * that to absorb part of the cost of construction and maintenance of the proposed Court House, the Board of Supervisors proposed to this defendant, Linn County Abstract Company, that if this defendant, Linn County Abstract Company, would agree to lease space in the Court House at a stipulated rental and transfer its business to and operate and maintain its business therein, the Board of Supervisors would cause the proposed Court House to be constructed and erected accordingly; that the defendant, Linn County Abstract Company, agreed to such proposal and thereupon the County of Linn, through its Board of Supervisors, erected its Court House in Cedar Rapids, Iowa, with specific space set aside for and to be used by this defendant as a place of business; that in accordance with said agreement and in performance thereof, this defendant and Linn County, through its Board of Supervisors, entered into a

written lease under date of May 4, 1925; that thereafter in full performance of its part of said agreement, this defendant abandoned its places of business in the Town of Marion, Iowa, and the City of Cedar Rapids, Iowa; moved its records, furniture, fixtures and supplies and all other equipment necessary and incident to the proper conduct of an abstract business into the Court House within the space specifically provided and set apart to it; that in thus abandoning its places of business and moving into the Court House as herein alleged, this defendant did so in reliance upon the proposal and agreement of Linn County; that in so doing it has established and maintained its business in said Court House for a period of more than sixteen (16) years, and as a result thereof has established and created a clientele and good will, which this plaintiff seeks to disturb and disrupt.

"That in performance of its part of the original proposal as made to it by Linn County, through its Board of Supervisors, this defendant has paid to Linn County for the use of said premises more than Thirty Thousand Dollars ($30,000.00), * * * that by reason of the facts immediately hereinbefore alleged, this plaintiff is barred and estopped from prosecuting his alleged cause of action; that by reason of the facts immediately hereinbefore alleged, the State of Iowa, on relation of E. H. Wadsworth as plaintiff has been guilty of laches and any alleged cause of action which the State of Iowa and this relator may have had is by reason thereof barred."

The abstract company alleged in division 7 of its answer that it would suffer irreparable damage if it were not allowed to continue its occupancy of the rooms in the courthouse.

Plaintiff moved to strike divisions 6 and 7 for the reason that the allegations and averments contained therein are incompetent, irrelevant, and immaterial, having no bearing or relation to any issue in this case; the sole and only issue in the case being the power and authority of the defendants and each of them to enter into a lease affecting a portion of the premises embraced by the Linn County Courthouse.

The courthouse was built for a public purpose and the board of supervisors did not have the power to lease any part

of it for private use in the absence of statutory authority. The abstract company is charged with knowledge the lease was void. The contract was void, not merely voidable. This is not a case where the board had the power to contract but exercised such power in an irregular manner. A county or municipality is not estopped to deny liability under a void contract. Iowa Elec. Co. v. Incorporated Town, 198 Iowa 196, 198 N. W. 14; Mitchell County v. Odden, 219 Iowa 793, 259 N. W. 774; Horrabin Pav. Co. v. City of Creston, 221 Iowa 1237, 262 N. W. 480.

In Mitchell County v. Odden, 219 Iowa 793, 803, 259 N. W. 774, 780, the court, speaking through Mr. Justice Hamilton, said:

"* * * there is no sound principle of law which would permit the application of the doctrine of waiver or estoppel against the county, based upon unauthorized or illegal acts of its officers."

31 C. J. S. 427, section 143:

"A municipality or other governmental agency is not estopped to deny the validity of an act or contract beyond its power, and this rule has been applied although the public has accepted benefits or money has been expended on the faith of such act or contract.

"The doctrine of ultra vires is applied with greater strictness to public than to private corporations, and, as a rule, a municipality or other public or quasi-public corporation or agency is not estopped by an act or contract which is beyond the scope of its corporate powers, especially where the party claiming the estoppel was aware of the municipal incapacity or used no diligence to ascertain whether it had the power which it assumed to exercise."

██ Plaintiff instituted this suit under the provisions of section 12420, 1939 Code, which reads:

"12420 By private person. If the county attorney, on demand, neglects or refuses to commence the same, any citizen of the state having an interest in the question may apply to the court in which the action is to be commenced, or to the judge

thereof, for leave to do so, and, upon obtaining such leave, may bring and prosecute the action to final judgment.''

Plaintiff alleged in his petition that he was a citizen of Linn county having an interest in the question and had secured permission of the court to commence this action as relator. The action was not subject to the defense of estoppel and the court was right in striking divisions 6 and 7 of the answer.

Plaintiff's motion to dismiss appeal is denied.—Affirmed.

WENNERSTRUM, C. J., and HALE, MILLER, GARFIELD, OLIVER, SAGER, and BLISS, JJ., concur.