In re Estate of Minnie Frentress, deceased.

No. 49421.

(Reported in 89 N.W.2d 367)

784

April 9, 1958.

Norman A. Erbe, Attorney General, and Frank D. Bianco, Assistant Attorney General, for appellant.

Norris S. Gould, of Manchester, County Attorney, Delaware County, for appellee.

HAYS, J.—The sole question before us concerns the priority of alleged liens against the homestead property of Minnie Frentress, deceased, whose estate is now in process of administration. From the record, consisting solely of pleadings filed, it appears decedent's interest in the property amounts to $1308.34.

The controversy is between Delaware County, Iowa, which claims a lien based upon three mortgages executed by decedent and her spouse, now deceased, payable to said county, and the State Board of Social Welfare's lien on account of old-age assistance furnished to decedent and to her spouse.

The mortgages, each payable upon the death of the makers, are as follows: (1) one dated July 13, 1939, for $775, (2) one dated January 8, 1940, for $300, (3) one dated February 4, 1941, for $300. They were duly filed for record. They were given to the county to secure the amount of general relief granted the mortgagors by the county under the provisions of chapter 252, Code, 1954. As to the first mortgage it appears that it was given for relief already furnished and to be furnished. The other two mortgages appear to have been given for relief to be furnished.

The lien of the State Board is based upon chapter 249, Code, 1954, and represents old-age assistance rendered since January 1, 1942. This lien was duly filed.

It is appellant's contention that the county was not authorized to take security for relief granted under chapter 252 and that at least so far as its lien is concerned such mortgages do not create a valid lien; that the county in seeking reimbursement for relief granted is limited to the methods prescribed by section 252.13. Appellee asserts that section 252.13 is not exclusive but inclusive and that it may act under its general powers, chapters

332 and 569, Code, 1954. The question thus presented is one of first impression with this court.

I. The law is well settled that a county is a creature of statute, a quasi corporation, and its officials have only such powers as are expressly conferred by statute, or necessarily implied from the powers so conferred. Board of Supervisors v. United States, 85 U. S. (18 Wall.) 71, 21 L. Ed. 771; Hilgers v. Woodbury County, 200 Iowa 1318, 206 N.W. 660; Sorenson v. Andrews, 221 Iowa 44, 264 N.W. 562; State ex rel. Wadsworth v. Board of Supvrs. of Linn County, 232 Iowa 1092, 6 N.W.2d 877.

II. It is also well established that the obligation of a county to support the poor is statutory, not common-law; that aid furnished is deemed a charity to which the recipient is entitled and for which the county is obligated. Cooledge v. Mahaska County, 24 Iowa 211; Bremer County v. Curtis, 54 Iowa 72, 6 N.W. 135; Cerro Gordo County v. Boone County, 152 Iowa 692, 133 N.W. 132, 39 L. R. A., N. S., 161; Michel v. State Board of Social Welfare, 245 Iowa 961, 65 N.W.2d 89. The statutes imposing such a duty are sections 252.25, 252.26, 252.36 and 252.32, Code, 1954. In conjunction with the duty to grant relief, the county is specifically authorized to seek reimbursement of funds thus expended, which authorization is found in section 252.13, Code, 1954.

III. Section 252.1, Code, 1954 (section 5297, Code, 1935), provides: "The words 'poor' and 'poor person' as used in this chapter shall be construed to mean those who have no property, exempt or otherwise, and are unable, because of physical or mental disabilities, to earn a living by labor; but this section shall not be construed to forbid aid to needy persons who have some means, when the board shall be of opinion that the same will be conducive to their welfare and the best interests of the public."

Section 252.13, Code, 1954 (section 5309, Code, 1935), provides: "Any county having expended any money for the relief or support of a poor person, under the provisions of this chapter, may recover the same from any of his kindred mentioned herein, from such poor person should he become able, or from his estate; from relatives by action brought within two years from the payment of such expenses, from such poor person by action brought

within two years after becoming able, and from such person's estate by filing the claim as provided by law."

It was urged by appellee in the trial court, and also here in the printed brief and argument, that decedent owned some property (the homestead) and hence was not a "poor" person under section 252.1, and therefore section 252.13 was not applicable. The trial court seems to have given considerable weight to this contention. However, on oral argument here, it would seem that appellee places little stress upon this contention. We find no merit in this contention, at least under the specific facts herein. We have held many times, and hereby confirm those holdings, that "needy persons who have some means" may come within the classification of "poor" or "poor person" as used in section 252.1. Jasper County v. Osborn, 59 Iowa 208, 13 N.W. 104; Hardin County v. Wright County, 67 Iowa 127, 24 N.W. 754; Hamilton County v. Hollis, 141 Iowa 477, 119 N.W. 978; Polk County v. Owen, 187 Iowa 220, 174 N.W. 99; Cherokee County v. Smith, 219 Iowa 490, 258 N.W. 182. Decedent must be so classified.

IV. While the exact question at issue, i.e., relating to "poor relief", has not been before this court, a somewhat similar question has arisen involving care of the insane, chapter 230, Code, 1954.

In State v. Colligan, 128 Iowa 536, 537, 104 N.W. 905, we said that "the uniform rule seems to be that there is no liability on the part of the person who receives such benefit, or on the part of his relatives, to make compensation save as such compensation may be expressly required and provided for by statute." Both the obligation to provide care and the liability to reimburse therefor are statutory, not common, law.

Section 230.1, Code, 1954, makes it the duty of the county to support the insane who are committed to a state institution. Section 230.15 states, "Insane persons and persons legally liable for their support shall remain liable for the support of such insane. * * * The county auditor * * * shall enforce the obligation herein created as to all sums advanced by the county." Under this statute it was held in Thode v. Spofford, 65 Iowa 294, 17 N.W. 561, 21 N.W. 647, that only after a judgment did the county have a lien upon the real estate of an insane person for

aid furnished. See also In re Estate of Wagner, 226 Iowa 667, 284 N.W. 485. The opinion in the Wagner case, supra, was filed March 14, 1939. By chapter 98, section 4, Acts Forty-eighth General Assembly, effective June 1, 1939, the legislature created a specific lien on any real estate, including homestead, of any person committed to a State institution. See sections 230.25, 230.28 and 230.30, Code, 1954.

Jones County v. Norton, 91 Iowa 680, 60 N.W. 200, was an action wherein the county sued the estate of a deceased insane person for support furnished at the county poorhouse where she was cared for as an incurable. Recovery was denied, she not being in a State hospital. It was there held there was no common-law liability and no statute which created a liability therefor. See also Iowa County v. Amana Society, 214 Iowa 893, 243 N.W. 299; chapter 224, Code, 1954, which deals with drug addicts.

Also with reference to chapter 251, Code, 1954, entitled Emergency Relief Administration, section 251.5 authorizes the county as a condition precedent to the granting of such relief, that the recipient contribute some hours of labor.

Under chapter 253, Code, 1954, County Homes, section 253.5 authorizes the county to require labor upon the part of inmates of such homes.

Chapter 249, Code, 1954, Old-Age Assistance, is the basis for appellant's claim. While there is no question as to the existence of a lien, it might be noted that such is specifically provided for by section 249.20, which also authorizes the State Board to require as a condition precedent to the granting of assistance that recipients transfer or assign all or a part of their property to the State Board as security for assistance to be given.

V. The county being a quasi corporation with its duties and powers being those specifically enumerated by statute or being necessarily implied therefrom, the care of the poor being purely a statutory obligation, and the only statutory provision existing whereby the county may reimburse itself for funds expended being section 252.13, supra, we are constrained to hold that section 252.13 is exclusive and that the county in accepting the mortgages in question exceeded its authority and that the same are of no force and effect. Especially do we think this to be the law and intent of the legislature when considered in the light

of the other comparable statutes referred to above. If not, and appellee be correct in its theory, then sections 230.15, 230.25, 251.5, 253.5 and at least a part of 249.20, all supra, represent useless legislation as the rights granted thereunder already existed. We are not prepared to so hold. See as supporting our view Board of Commissioners v. Ristine, 124 Ind. 242, 24 N.E. 990, 8 L. R. A. 461, and Rowell v. Town of Vershire, 62 Vt. 405, 19 A. 990, 8 L. R. A. 708.

VI. While appellee contends section 332.3, Code, 1954, dealing with powers and duties of Board of Supervisors, authorizes the taking of the mortgages, we do not agree. These are general powers which must give way where specific powers are enumerated. As bearing upon the extent of powers granted by this section, see Hilgers v. Woodbury County, 200 Iowa 1318, 206 N.W. 660, and State ex rel. Wadsworth v. Board of Supvrs., 232 Iowa 1092, 6 N.W.2d 877, both supra.

VII. Appellee also contends authority under section 252.14, Code, 1954. It provides, "When expenditures have been made for and on behalf of a poor person and his family, as contemplated by section 252.13, the homestead of such poor person is liable for such expenditures when such poor person dies without leaving a surviving husband or wife, or minor children." In the enactment of the above statute, chapter 148, Acts Forty-third General Assembly, it specifies that the same be inserted in the Code immediately following section 5309, Code, 1927 (section 252.13, Code, 1954).

Homesteads are generally exempt to the surviving spouse or issue of a deceased owner. Chapter 561, Code, 1954. In a few instances it is liable for the payment of debts of the decedent, section 561.21, Code, 1954. It has never been held that these exceptions do more than relieve from the exemption, and certainly the mere making it liable to execution does not make the debt, before judgment or approval as a claim in probate, a lien upon the homestead.

Section 252.14 differs from section 561.21 (4), assuming poor relief granted creates a debt, in that by the latter section the homestead is exempt if any issue survive, while by section 252.14 the homestead is liable in the absence of minor issue.

53 C. J. S., Liens, section 2, states, "A lien may be created only by contract * * * or by some statute or fixed rule of law; it cannot be created by the court merely from a sense of justice."

As before stated, section 252.13 provides the sole basis for recovery by the county. The fact that the homestead is made liable for the liability created by said section does not in any sense of the word create a lien upon the homestead or any other property until such liability has been placed in judgment or approved as a claim in an estate. See In re Estate of Wagner, 226 Iowa 667, 284 N.W. 485.

For the reasons above set forth the judgment of the trial court is reversed.—Reversed.

All JUSTICES concur except SMITH, J., not sitting.