**WOODBURY COUNTY, Appellee,**

v.

**David G. (Andy) ANDERSON, Appellant.**

No. 52868.

Supreme Court of Iowa.

Jan. 14, 1969.

Donald W. Sylvester, Sioux City, for appellant.

Edward F. Samore, County Atty., Sioux City, for appellee.

MASON, Justice.

This appeal presents the question whether a county is entitled to be reimbursed by a defendant for fees paid his court-appointed attorney for representing defendant as an indigent in a criminal prosecution. The trial court answered in the affirmative and defendant appeals.

I. David G. Anderson had been charged with rape. November 28, 1967, he appeared in the Woodbury district court, claiming he was unable to employ counsel and requested the court to appoint counsel for him under the provisions of section 775.4, Code, 1966. Upon examination the trial court found defendant to be indigent and unable to employ counsel and appointed an attorney to represent him on the criminal charge. The court-appointed attorney undertook the defense and the matter proceeded to trial, resulting in an acquittal.

When the attorney presented his claim for fees to the trial court pursuant to Code section 775.5 the court decided reasonable

compensation for the services rendered by the attorney was $1700 and ordered the sum paid from the county treasury. The county paid the fees from the "Court Fund" and now seeks to recover this amount from Anderson by an independent suit in equity.

The county alleged the appointment of counsel for Anderson as an indigent in the criminal matter, presentment and approval of his attorney's claim and court order for its payment from the relief fund for indigent or poor persons, payment thereof and demanded judgment against him for the amount.

Defendant admitted appointment of counsel for him as an indigent but denied that payment of the claim was from the relief fund for indigent or poor persons or that the county was entitled to be reimbursed and asked that the petition be dismissed.

Plaintiff filed motion for judgment on the pleadings. The matter was submitted to the court upon defendant's resistance and evidence presented by him. Judgment was rendered in favor of the county for the amount.

The trial court reasoned, although the law requires appointment of counsel for indigent defendants in criminal prosecutions, that where an individual has received the benefit of legal services the primary burden or liability to pay for such services should be defendant's if and when he is able to pay and not the general public's. The county which is ordered by the court to pay those fees is secondarily liable if defendant is indigent and unable to pay at the time of arraignment, trial or appeal; to relieve a defendant from payment of these fees in a criminal case is unjust and discriminatory to those industrious, thrifty and frugal persons who employ and pay their own counsel.

The court concluded the county was entitled to recover from defendant the amount paid basing its conclusion upon Code section 252.13 which provides:

"Recovery by county. Any county having expended any money for the relief or support of a poor person, under the provisions of this chapter, may recover the same from any of his kindred mentioned herein, from such poor person should he become able, or from his estate; from relatives by action brought within two years from the payment of such expenses, from such poor person by action brought within two years after becoming able, and from such person's estate by filing the claim as provided by law."

II. In seeking reversal, defendant contends (1) Code section 252.13 does not apply to sums expended by a county for payment of legal fees to court-appointed attorneys who have been named or appointed by the court to represent indigent persons accused of crime; (2) right of a person to have court-appointed legal counsel when such person is accused of a serious crime and is indigent is a basic constitutional right and does not create or establish any liability on the part of the recipient to the legal entity which must bear the costs of such services.

Under his first assignment of error defendant asserts chapter 252 makes no reference to sums expended for legal counsel; that the record shows the sums were actually expended from the "Court Fund" and not from the poor or indigent fund and this chapter refers to and is concerned only with those sums paid out of the poor or indigent fund of a county treasury. He further contends there is a failure of any showing defendant or any of his relatives had sufficient funds to pay his legal counsel; that appointment of counsel for an accused when his indigency and inability to employ counsel are shown is mandatory under chapter 775.

In support of his other assigned error defendant argues requiring a person who has received benefit of court-appointed counsel in a criminal matter to reimburse the providing entity for these services is denial of due process.

III. In criminal prosecutions defendant is entitled to assistance of counsel by virtue of Amendment 6 to federal constitution made applicable to states by Amendment 14 and by virtue of section 10, Article I of the Iowa Constitution and sections 775.4 and 775.5, Code, 1966. See Waldon v. District Court, 256 Iowa 1311, 1315, 130 N.W.2d 728, 731, and Schmidt v. Uhlenhopp, 258 Iowa 771, 774–775, 140 N.W.2d 118, 120–121, where these Code sections are set out. They are "designed to carry out the provisions of the Constitution, guarantying to the accused in all criminal prosecutions the assistance of counsel". Korf v. Jasper County, 132 Iowa 682, 686, 108 N.W. 1031, 1033. Section 10, Article I, of the Constitution of 1857 fixed in constitutional terms the right created by section 2936 of the Code of 1851 to have the assistance of counsel. This right of the accused to be represented by counsel gives him the privilege to choose, at his own cost and expense, any lawyer he may desire. When, however, he is unable to do so or is destitute or without means to employ counsel of his own choosing, the court will allow him to select or assign him counsel whose statutory compensation and personal expenses are payable by the county.

The obligation of the county to pay "a reasonable compensation to be decided in each case by the court, including such sum or sums as the court may deem are necessary for investigation in the interests of justice * * *" to a court-appointed attorney in a criminal matter is now statutory, section 775.5, not common law. See Korf v. Jasper County, supra, 132 Iowa at 684, 108 N.W. at 1032. Our statute in this particular is no longer silent on the subject of compensation for the attorney's services as it was when Hall v. Washington County, 2 G.Greene 473, was decided. See Ferguson v. Pottawattamie County, 224 Iowa 516, 519, 278 N.W. 223, 224, and cases cited.

It was competent for the legislature to reasonably regulate and prescribe the matter of compensation in these circumstances. Before the amendments to section 775.5 by the Fifty-eighth and Sixty-first General Assemblies, the compensation of an attorney appointed to defend an indigent defendant in a criminal matter was definitely fixed. The statute now permits the court making the appointment to determine the extent of the county's liability and leaves no discretion to the officers of the county. See Korf v. Jasper County, supra.

This statute does not contemplate an attorney should be expected to defend an accused gratuitously. Schmidt v. Uhlenhopp, supra, 258 Iowa at 775, 140 N.W.2d at 121. However, it does not purport to provide full compensation nor is it intended to permit payment of fees in such cases which would be charged to nonindigent clients. Its purpose is to insure representation of an indigent defendant in a criminal case on a basis which would alleviate the financial burden on individual lawyers in light of the developing law of an indigent's right to counsel under recent decisions of the United States Supreme Court and this court. In support see Jackson v. State, Alaska, 413 P.2d 488, 491; State v. Rush, 46 N.J. 399, 217 A.2d 441, 448; and Spencer v. Gladden, 230 Or. 162, 369 P.2d 129, 130.

IV. The question of the county's right to maintain an independent suit to collect from such defendant the amount it has paid under this statutory obligation is one of first impression with this court. However, in some jurisdictions expenditures made to counsel appointed for indigent defendants are properly charged as costs. 20 C.J.S. Costs § 454.

For example, in Ohio section 2941.51, Revised Code, provides:

"Payment of counsel assigned.

"Counsel assigned in a case of felony under section 2941.50 of the Revised Code

shall be paid for their services by the county, and shall receive therefor:

"(A) In a case of murder in the first or second degree, and manslaughter in the first and second degree, such compensation and expenses as the trial court may approve.

"(B) In other cases of felony, such compensation as the trial court may approve, not exceeding three hundred dollars and expenses as the trial court may approve. * * *

"The fees and expenses approved by the court under this section shall be taxed as part of the costs.

"The county auditor shall draw his order on the county treasurer for the payment of such counsel in the amount fixed by the court, plus expenses as the court may fix and certified by the court to the auditor."

In Virginia costs including attorneys' fees are taxed against a convicted defendant while in Florida the public defender may file a claim against defendant for services which constitute a continuing lien against his real and personal property. Task Force Report, The Courts, page 149 (1967), footnote 88.

■ "At common law court costs were not allowed under that name. They are now taxable only to the extent provided by statute. Such statutes are generally strictly construed as in derogation of the common law. [Citing authorities] * * *

" * * *

■ " * * * 'Costs' has a well-defined legal meaning although frequently stated in somewhat different language. It includes the sums ordinarily taxable for expense incurred in an action as provided by statute. * * *" City of Ottumwa v. Taylor, 251 Iowa 618, 621, 102 N.W.2d 376, 378. To put the same matter in other words, "Costs in criminal prosecutions are unknown at common law; their recovery in any criminal case depends wholly upon statutory provisions therefor. In the absence of such statutory authorization, a court has no power to award costs against a defendant on conviction." 20 Am.Jur.2d, Costs, section 100. See also 20 C.J.S. Costs § 435.

■ Although the legislature in amending section 775.5 made provision for appointment of counsel, provided funds for necessary investigation and costs for printing the record and necessary briefs, it made no provision for taxing these expenditures as part of the costs. In our opinion they would not be properly taxable under the provisions of either section 625.1 or 625.14.

On the other hand, the Sixty-second General Assembly in 1967 saw fit to amend section 663.44, Code, 1966, which provides for costs in habeas corpus proceedings by inserting the following:

"The costs and fees referred to above shall include any award of fees made to a court appointed attorney representing an indigent party bringing the habeas corpus action."

■ Section 775.5 precludes denial of assistance of counsel in a criminal prosecution because a defendant is an indigent at the time such services are required. Although this section provides payment of attorney fees and certain enumerated expenses for an indigent defendant to carry out a constitutional guarantee to an accused in all criminal prosecutions, due process does not require that he be altogether relieved from liability for costs when convicted.

It would be constitutionally permissible for the legislature to include a provision that expenditures made under this section be taxed as part of the costs against a de-

fendant convicted either as a result of jury trial or plea of guilty.

This is a matter fundamentally for legislative, not judicial, treatment. We do no more than recognize the desirability of legislative consideration of the problem.

On the other hand, the permissibility of taxing such expenditures as a part of the costs against a defendant acquitted is somewhat doubtful in view of the decision of the Supreme Court in Giaccio v. Pennsylvania, 382 U.S. 399, 86 S.Ct. 518, 15 L. Ed.2d 447, reversing judgment against an acquitted appellant who had been taxed with costs under an 1860 act of Pennsylvania authorizing the jury to impose costs of criminal prosecution on defendant they had acquitted. The Pennsylvania Supreme Court had held the statute did not violate the Constitution. Commonwealth v. Giaccio, 415 Pa. 139, 202 A.2d 55. See also the dissenting opinion in the same case in the Superior Court of Pennsylvania, 202 Pa.Super. 294, 310, 196 A.2d 189, 197, with which the United States Supreme Court agreed.

Defendant's contention that liability may not be imposed on an indigent defendant to reimburse the county for expenditures made for court-appointed counsel is without merit.

█ V. There is authority for collecting costs by a separate civil proceeding. We quote from 20 C.J.S. Costs § 462:

"Payment of costs may be enforced by a separate civil proceeding, * * *. When so provided by statute, an action in equity will lie to discover and subject defendant's property to the payment of the costs after an execution issued against his property has been returned no property found."

However, we have been neither cited nor have we found through independent research authority permitting collection of such expenditures by independent suit when they have not been imposed as part of the costs under statutory authorization. Ex parte Boe Wilson, Ohio App., 89 Ohio L.

Abst. 575, 183 N.E.2d 625, one of the two authorities cited by plaintiff in support of the trial court's ruling, involved the question whether the State could imprison a defendant for nonpayment of costs imposed under section 2941.51, Revised Code, set out supra. The court said, "While the State may constitutionally order expenditures made to counsel appointed to defend indigent defendants charged with felony under Section 2941.50, Revised Code, charged as costs and enter judgment therefor upon which execution may issue as in civil cases, the State cannot imprison such defendant for failure to pay the State money expended to assigned counsels * * *." The court went on to observe that while a defendant may be civilly liable for repayment of the money expended for counsel such debt is a civil debt.

In view of section 2941.51 of the Ohio statute, we fail to see how this case helps plaintiff when there is no statutory authorization taxing the expenditures as costs.

The other authority cited by plaintiff, Mr. Justice Clark's dissent in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811, involved an indigent's right to court-appointed counsel on appeal and does not reach the question presented here.

█ "The law is well settled that a County is a creature of statute, a quasi-corporation, and its officials have only such powers as are expressly conferred by statute, or necessarily implied from the powers so conferred. [Citing authorities]." In re Estate of Frentress, 249 Iowa 783, 786, 89 N.W.2d 367, 368.

We find no authority for holding that the county has any common law right of recovery against those who receive the benefits provided by section 775.5. In Frentress, speaking of the county's right to take security for relief granted under chapter 252, Code, 1954, and earlier in State v. Colligan, 128 Iowa 536, 537, 104 N.W. 905 which considered the question of recovering compensation of one cared for in a mental

hospital, we said "the uniform rule seems to be that there is no liability on the part of the person who receives such benefit, or on the part of his relatives, to make compensation save as such compensation may be expressly required and provided for by statute".

We hold that in the absence of statutory authorization taxing expenditures made under this section as part of the costs, no right of recovery can be had by the county through independent suit. This is especially true where, as here, the defendant against whom judgment is sought was acquitted in the criminal matter.

For those who may wish to do more reading on the problem, see Ronald L. Carlson, Appointed Counsel in Criminal Prosecutions: A Study of Indigent Defense, 50 Iowa L.Rev. 1073; Yale Kamisar and Jesse H. Choper, The Right to Counsel in Minnesota: Some Field Findings and Legal-Policy Observations, 48 Minn.L.Rev. 1, 23–27; and Note, Attorney and Client—Compensation of Trial Counsel Appointed for Indigent Defendants, 49 Calif.L.Rev. 954.

VI. We agree with defendant's first assigned error that section 252.13 set out, supra, cannot serve as a basis for imposing liability on defendant under the circumstances here. This section does not authorize taxing as part of the costs expenditures made in a criminal prosecution under section 775.5. Nor does it give the county expressed or implied power to collect such expenditures by an independent suit. It merely gives the county statutory authorization to seek reimbursement for funds expended under chapter 252.

With directions to the trial court to set aside the judgment awarded plaintiff and to dismiss its petition, the case is

Reversed and remanded.

All Justices concur, except RAWLINGS, J., who takes no part.